859 F.2d 151
 12 Fed.R.Serv.3d 611
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Daniel C. WILLIAMS, Plaintiff-Appellee,
v.
KINGSTON SHIPPING COMPANY, INC., a New York Corporation,
Defendant-Appellant,
and
Apex Marine Corporation, a New York Corporation, Avon
Steamship Company, Inc., a New York Corporation,
Defendants.
Daniel C. WILLIAMS, Plaintiff-Appellant,
v.
KINGSTON SHIPPING COMPANY, INC., a New York Corporation,
Defendant-Appellee,
and
Apex Marine Corporation, a New York Corporation, Avon
Steamship Company, Inc., a New York Corporation, Defendants.
 Nos. 87-3630, 87-3631.
 United States Court of Appeals, Fourth Circuit.
 Argued June 8, 1988.
Decided Sept. 16, 1988.
 
 Richard R. Jackson, Jr. (Peter J. McNamara, Ober, Kaler, Grimes & Shriver on brief) for appellant.
 James Joseph Nolan, Jr. (W. Michel Pierson, Pierson & Pierson on brief) for appellee.
 Before POWELL, Supreme Court Justice (Retired), WILKINSON, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Kingston Shipping Company, owner of the tanker S/T CAPRICORN, appeals a judgment entered on the verdict of a jury that awarded Daniel C. Williams, a seaman, maintenance and cure and damages for aggravation of Williams's illness caused by failure to pay maintenance and cure. It assigns error to the district court's denial of its motion for judgment notwithstanding the verdict or for a new trial. Williams moved to dismiss the appeal as premature, and he also filed a cross-appeal assigning error to the district court's judgment that the statute of limitations barred his negligence claim. We deny the motion to dismiss and affirm the judgment of the district court with respect to both the appeal and cross-appeal.
 
 
 2
 * Williams moved to dismiss the appeal on the ground that the judgment is not a final order because the district court has not yet awarded attorney's fees. Williams's motion is foreclosed by Budinich v. Becton Dickinson and Co., 108 S.Ct. 1717 (1988), which held that the entry of judgment on the merits is a final, appealable order even though the issue of attorney's fees remains to be decided.
 
 II
 
 3
 The statute of limitations for an action based on the Jones Act is three years from the day the cause of action accrued. 46 U.S.C. Sec. 688, incorporating 45 U.S.C. Sec. 56. Williams was injured on or before September 8, 1980, but he contends that a psychosis resulting from the injury was not diagnosed until November 23, 1980, and the causal relationship between the injury and his illness was not established until July 14, 1983. Williams filed this action on September 23, 1983--more than three years after the injury but less than three years from the diagnosis of his psychosis.
 
 
 4
 Young v. Clinchfield Railroad Company, 288 F.2d 499 (4th Cir.1961), required a determination of the time a cause of action accrues under the statute of limitations for the Federal Employer's Liability Act, 45 U.S.C. Sec. 56, which is the identical statute of limitations for the Jones Act. Speaking of a person who knows he has been injured, we said:
 
 
 5
 While he may not always know the extent of his disability he is in no doubt that he was injured. Where such knowledge exists upon the occurrence of the injury we have an immediate accrual of the cause of action and the statutory period begins at that time.
 
 
 6
 288 F.2d at 502. In contrast, Young explains that the cause of action accrues upon discovery of an injury, rather than the occurrence of the event causing the injury, when a person "does not know that he has been injured till he observes definite symptoms referable to the injury." 288 F.2d at 502. This situation arises, as it did in Young, when a person suffers from an occupational disease such as silicosis. 288 F.2d at 502-03.
 
 
 7
 Williams seeks application of the discovery rule, but the undisputed facts do not support his position. Williams knew that he had received a blow to the head that left him dizzy and upset. Although he does not remember the exact date of the injury, facts conclusively show that it happened on or before September 8, 1980. Application of the principles explained in Young establish that Williams's cause of action accrued when the injury occurred, although at that time Williams was unaware of the extent of his injury.
 
 
 8
 There was no genuine issue of material fact concerning Williams's mental competency to assert his claim. Consequently, the district court did not err by holding that the statute of limitations was not tolled.
 
 
 9
 The district court properly held that Williams's cause of action based on the Jones Act was barred by the three-year statute of limitations.
 
 III
 
 10
 The jury returned a special verdict finding that Williams was injured or became ill on the CAPRICORN, that he was not guilty of any willful misconduct, that he was entitled to maintenance and cure, that Kingston willfully and arbitrarily refused to pay Williams's maintenance and cure, and that this failure aggravated Williams's illness. The verdict also specified the awards for maintenance and cure and the damages for aggravation to which Williams was entitled. The district court, with consent of counsel for both parties, corrected a mathematical error concerning the computation of the amount due for maintenance and entered judgment on the verdict as corrected. The court also filed a memorandum explaining its reasons for denying Kingston's posttrial motions.
 
 
 11
 The outcome of the trial depended largely on the jury's acceptance of Williams's testimony and of the opinions expressed by the doctors who had examined him. In deciding a motion for judgment notwithstanding the verdict, neither a trial nor an appellate court can assess the credibility of the witnesses, weigh the evidence, or substitute its judgment of the evidence for that of the jury. The evidence and all reasonable inferences drawn from it must be viewed in the light most favorable to the party in whose favor the jury has returned its verdict. See 9 Wright & Miller, Federal Practice and Procedure, Sec. 2524, at 543-45 (1971). Application of these principles require that we sustain the jury's verdict.
 
 
 12
 We find no error in the district court's evidentiary rulings and in its decision that Williams gave adequate notice of his claim for damages resulting from the aggravation of his illness. The date Williams became fit for duty and whether his illness resulted from his service on the CAPRICORN or from his subsequent service for several months on the DEL VIENTO presented questions for the jury. In any event, the jury did not allow maintenance and cure during Williams's service on the DEL VIENTO, so there was no double recovery.
 
 
 13
 We also conclude that the district court did not abuse its discretion in denying Kingston's motion for a new trial. There were no errors of law warranting a new trial. The evidence was sufficient and the verdict, as reduced by the district judge on Kingston's motion with Williams's consent, was not excessive.
 
 
 14
 AFFIRMED.