918 F.2d 957
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leila JENKINS, Betty Umstead, Ruth Davis, Plaintiffs-Appellants,
James Francis, Vivian Rairdon, Plaintiffs,
v.
HOLLOWAY SPORTSWEAR, INC., Defendant-Appellee.
 No. 90-3950.
 United States Court of Appeals, Sixth Circuit.
 Nov. 20, 1990.
 
 1
 Before KRUPANSKY, RALPH B. GUY, JR. and SUHRHEINRICH Circuit Judges.
 
 ORDER
 
 2
 The plaintiffs appeal the district court's decision entered on September 24, 1990, in this action for age discrimination in employment. A jury trial was held in this case in October, 1989. On October 19, 1989, the jury returned a verdict in favor of two of the plaintiffs, directed verdict having been granted against the other plaintiffs. A minute entry upon the docket on October 20, 1989, notes the jury verdict and indicates that final judgment would be entered by October 30, 1989. No judgment was entered. However, within ten days of the minute entry the plaintiffs filed motions for new trial and for amended findings and judgment. Additional post judgment motions were filed by the defendant.
 
 
 3
 On September 24, 1990, the district court issued a decision which entered judgment on the jury's verdict and certain other trial rulings. The decision noted the post judgment motions, but deferred ruling upon them. An "advisory opinion" was offered on issues raised in those motions. The decision then allowed ten days for the filing or renewal of any post judgment motions, including motions for attorneys' fees and costs. Within ten days, the plaintiffs and defendants filed post judgment motions, including a motion for costs and attorneys' fees. While these motions were pending, the plaintiffs filed a notice of appeal.
 
 
 4
 When timely motions to alter or amend the judgment, for new trial, or for judgment notwithstanding the verdict are filed by any party, the time for appeal shall run from entry of the order denying a new trial or granting or denying any other such motion. Fed.R.App.P. 4(a)(4). A notice of appeal filed before the disposition of such motions shall have no effect. Id. Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982) (per curiam). A new notice of appeal must be filed after the disposition of such motions. Id.
 
 
 5
 In the instant case the district court has not yet ruled upon the post judgment motions. The decision of September 24, 1990, defers such ruling, and only enters final judgment upon the jury verdict, and trial rulings. The post judgment motions were renewed and were pending at th time of the plaintiffs notice of appeal. Although motions for attorneys' fees do not halt the time for appeal, see Budinich v. Becton Dickinson & Co., 486 U.S. 196 (1988), the pending motions for new trial, to alter or amend the judgment, and for judgment notwithstanding the verdict do toll the time for appeal. See Fed.R.App.P. 4(a)(4). Accordingly, this appeal is premature. An appeal may be perfected following the disposition of the time tolling motions.
 
 
 6
 It is therefore ORDERED that this appeal is dismissed sua sponte as premature, without prejudice to the right to perfect a timely appeal upon the district court's disposition of the time-tolling motions.