967 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John R. SORDEAN, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-15278.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 10, 1992.
Decided June 17, 1992.
 
 Before GOODWIN, SCHROEDER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Taxpayer Sordean sued for a refund of a $709.12 penalty assessment in 1988. In 1990, the government mailed Sordean a refund check for $960.04, which represented his refund plus interest, less $52.72 the government claimed to be due from an earlier year. Sordean continued to press his claim for the $52.72. On October 18, 1990, the district court granted the government's motion for summary judgment. The order was filed on October 25, 1990. On October 24, 1990, Sordean filed a Bill of Costs. On October 31, 1990, the clerk of the district court declined to tax costs to Sordean as a prevailing party because summary judgment had been entered in favor of the government. Sordean, still claiming he was entitled to judgment on the merits, filed a motion to review the clerk's action. On December 18, 1990, the district court issued an order denying the motion. This order was entered on December 21, 1990. Notice of appeal from both the October 25, 1990 entry of summary judgment and the December 21 denial of the Bill of Costs was filed on February 13, 1991.
 
 
 3
 Under Fed.R.App.P. 4(a)(1) Sordean had sixty days in which to file a notice of appeal from the entry of summary judgment. A motion for attorney's fees or costs does not extend the time for appeal from the judgment on the merits. In light of Budinich v. Becton Dickinson & Co., 486 U.S. 196 (1988), we will not attempt in this case to stretch Whittaker v. Whittaker Corp., 639 F.2d 516, 520-21 (9th Cir.), cert. denied, 454 U.S. 1031 (1981), to cover the motions that abound in this file. Compliance with Rule 4(a) is "mandatory and jurisdictional." Farley Transp. Co. v. Santa Fe Trail Transp. Co., 778 F.2d 1365, 1368 (9th Cir.1985). The appeal from the entry of summary judgment is dismissed.
 
 
 4
 Sordean concedes that he has not filed for attorney's fees or costs pursuant to 26 U.S.C. § 7430. The only remaining issue is whether he is entitled to costs under 28 U.S.C. § 2412(a). The district court ruled that since Sordean's motion for summary judgment was denied and that of the government was granted, he was not a prevailing party within the meaning of Local Rule 265 or 26 U.S.C. § 7430. While this assessment may be correct with respect to 26 U.S.C. § 7430, 28 U.S.C. § 2412 employs a different prevailing party standard. " '[P]laintiffs may be considered "prevailing parties" for attorney's fees purposes if they succeed on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing the suit.' " Lear Siegler, Inc., Energy Prod. Div. v. Lehman, 893 F.2d 205, 208 (9th Cir.1989) (en banc) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). As the Supreme Court has noted, "[t]his is a generous formulation." Hensley, 461 U.S. at 433.
 
 
 5
 While Sordean lost the final motion for summary judgment, his suit succeeded in obtaining the return of the substantial portion of a penalty assessment. Although Sordean crosses the prevailing party threshold, the award of costs under § 2412 is a matter within the broad discretion of the district court.
 
 
 6
 The appeal from the grant of summary judgment is DISMISSED and the case is REMANDED to the district court to decide whether costs should be awarded under 28 U.S.C. § 2412.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3