69 F.3d 547
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rodney Keith DICK, Petitioner-Appellant,
v.
R. Michael CODY and Attorney General of the State of
Oklahoma, Respondents-Appellees.
 Nos. 95-5012, 95-5047.
 United States Court of Appeals, Tenth Circuit.
 Nov. 1, 1995.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 We have joined two cases to facilitate disposition. Case number 95-5012 is a putative appeal from the denial of a petition for a writ of habeas corpus. Case number 95-5047 is an appeal from the denial of a motion for leave to appeal the habeas denial out of time.
 
 
 3
 The district court dismissed appellant Dick's 2254 petition for failure to exhaust state remedies on the first claim and for failure to assert cognizable grounds for relief in his remaining claims.[2] Mr. Dick failed to file a timely notice of appeal from that decision, but he nonetheless seeks review in this court.
 
 
 4
 Ten days after the expiration of the time for perfecting his appeal had lapsed, Mr. Dick filed a motion under Fed. R.App. P. 4(a)(5) seeking an extension of time within which to file a notice of appeal. Mr. Dick claimed he failed to file a timely notice because after the judgment was entered he had been transferred to a different institution and was consequently without a law library or legal assistance. The district court examined the file and found Mr. Dick had filed a notice of his transfer before the entry of the judgment. The court concluded Mr. Dick's first contention was "unpersuasive." The court further held access to a law library or legal assistance was not required to file a notice of appeal. As a consequence, the court denied the motion.
 
 
 5
 After the court's ruling, Mr. Dick filed a document denominated "Notice of Intent to Appeal/And Request for Certificate of Probable Cause." In that document, Mr. Dick asserted the district court erred because he had been transferred to a second institution after the entry of the court's order denying habeas corpus. He also asserted he needed access to a law library so he could make a sufficient showing to obtain a certificate of probable cause. This pleading was not addressed by the district court.
 
 
 6
 Mr. Dick's relocations notwithstanding, he has never claimed he received the order of dismissal too late to file a timely notice of appeal. Moreover, his failure to do so moots his contention he had to have legal support for a certificate of probable cause. Without having timely filed a notice of appeal, Mr. Dick's need for a certificate of probable cause did not exist. Moreover, the persuasiveness of his contention is further burdened with the fact the certificate would have been obtainable in this court, had a timely notice of appeal been filed. 28 U.S.C. 2253.
 
 
 7
 Our decision here is not arguable. We simply do not have jurisdiction over this untimely appeal. "[T]he taking of an appeal within the prescribed time is mandatory and jurisdictional." Budinich v. Becton Dickinson & Co, 486 U.S. 196, 203 (1988). See also Browder v Director, Ill. Dep't of Corrections, 434 U.S. 257, 264 (1978); Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 379 (1981). The appeal in 95-5012 is therefore DISMISSED.
 
 
 8
 The next case questions whether the district court properly denied Mr. Dick's attempt to gain relief under Fed. R.App. P. 4(a)(5) on the ground he failed to demonstrate excusable neglect. That judgment is reviewed for abuse of discretion. City of Chanute, Kan. v. Williams Nat'l Gas Co., 31 F.3d 1041, 1045 (10th Cir.1994), cert. denied, 115 S.Ct. (1995). We believe Mr. Dick's bald assertion he was transferred to another institution pending the time for filing a notice of appeal is not a showing of excusable neglect. That move did not interfere with or delay his receipt of the district court order denying habeas relief. Moreover, because the notice of appeal must merely cite the party taking the appeal, the order appealed from, and the court to which the appeal is taken, Fed. R.App. P. 3(c), his assertion of need for legal research is unfounded. Therefore, we cannot conclude the district court's holding was an abuse of discretion.[3] The judgment in 95-5047 is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The ruling was predicated upon Mr. Dick's concurrent state court appeal and the assertion of errors in the application of state law
 
 
 [3]
 These circumstances notwithstanding, we have examined the appeal of the habeas decision and see no error