Wilsa CORTES, Plaintiff,

v.

S & C BEEF PROCESSORS,
LLC, Defendant.

Civil Action No. 95–T–1142–N.

United States District Court,
M.D. Alabama,
Nothern Division.

May 17, 1996.

Julian L. McPhillips, Jr., Allen R. Stoner, McPhillips, Shinbaum, Gill & Stoner, Montgomery, AL, for plaintiff.

Matthew C. McDonald, Jean M. Powers, A. Lynne Wiggins, Miller, Hamilton, Snider & Odom, Mobile, AL, for defendant.

## ORDER

MYRON H. THOMPSON, Chief Judge.

Plaintiff Wilsa Cortes claimed that defendant S & C Beef Processors, LLC, constructively discharged her because of her age, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C.A. §§ 621–634 (West 1985). On April 30, 1996, this court granted summary judgment in favor of S & C Beef and ordered that costs be taxed against Cortes. The lawsuit is again before the court, this time on Cortes's motion for extension of time for filing notice of appeal, pending resolution of S & C Beef's anticipated request for costs and motion for attorney's fees. Counsel for S & C Beef has informed counsel for Cortes that S & C Beef will be submitting an itemization of attorney's fees and costs to the district court.

Rule 4(a)(1) of the Federal Rules of Appellate Procedure (West 1996) provides that a "notice of appeal ... must be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from; but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days after such entry." In *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988), the Supreme Court held that a post-judgment motion for attorney's fees does not affect the finality of the judgment and thus does not extend the time to appeal under Rule 4(a). The Court stated that, "Courts and litigants are best served by the bright-line rule, which accords with traditional understanding, that a decision on the merits is a 'final decision' ... whether or not there remains for adjudication a request for attorney's fees attributable to the case." *Id.* at 202–203, 108 S.Ct. at 1722. In 1993, however, Rule 4 was amended by the addition of subdivision (a)(4)(D) to allow for the extension requested by Cortes.[1] However, the

---

1. Rule 4(a)(4), as amended in 1993, provides in part:
   "If any party files a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely

motion under the Federal Rules of Civil Procedure:
(A) for judgment under Rule 50(b);
(B) to amend or make additional findings of fact under Rule 52(b), whether or not granting the motion would alter the judgment;

manner, the concatenations, in which subdivision (a)(4)(D) achieves this end can only be described as a Rube Goldberg invention.

Subdivision (a)(4)(D) of Rule 4 of the Federal Rules of Appellate Procedure provides that "the time for appeal for all parties runs from the entry of the order disposing of" a motion "for attorney's fees under Rule 54" of the Federal Rules of Civil Procedure, "[i]f any party files a timely motion" and "if a district court under Rule 58 [of the Federal Rules of Civil Procedure] extends the time for appeal." Subdivision (a)(4)(D) has therefore triggered two other rules, Rule 54 and 58 of the Federal Rules of Civil Procedure (West 1996).

Rule 54(d)(1) & (2) provides that "Claims for attorneys' fees and related nontaxable expenses shall be made by motion," and "the motion must be filed and served no later than 14 days after entry of judgment." And Rule 58 provides that "Entry of the judgment shall not be delayed, nor the time for appeal extended, in order to tax costs or award fees, except that, when a timely motion for attorneys' fees is made under Rule 54(d)(2), the court, before a notice of appeal has been filed and has become effective, may order that the motion have the same effect under Rule 4(a)(4) of the Federal Rules of Appellate Procedure as a timely motion under Rule 59." Rule 58 has therefore triggered Rule 59 of the Federal Rules of Civil Procedure and triggered again Rule 4(a)(4).

Rule 59(b) provides that, "Any motion for a new trial shall be filed no later than 10 days after entry of the judgment." And subdivision (a)(4)(E) of Rule 4 provides that, if any party files a timely motion "for a new trial under Rule 59," then "the time for appeal for all parties runs from the entry of the order disposing of the . . . motion."

To be sure, subdivision (a)(4)(D) "was intended to conform to *Budinich* by providing that motions for attorney's fees do not generally extend the time to appeal," while at the same time "provid[ing] that a timely motion for attorney's fees under Civil Rule 54(d)(2) extends the time to appeal if the district court, before a notice of appeal has been filed and become effective, so orders under Civil Rule 58." J.W. Moore, et al., 9 Moore's Federal Practice ¶ 204.12[1] at 4–94 to 4–95 (1996).[2] But to reach this end, the court started out with subdivision (a)(4)(D) of Rule 4 of the Federal Rules of Appellate Procedure and, after routing through Rules 54, 58 and 59 of the Federal Rules of Civil Procedures, ended up one subdivision below, with subdivision (a)(4)(E) of Rule 4. The essential effect of all this circuitous routing through the Federal Rules is that, upon authorization by the court, a timely motion for attorney's fees may suspend the time for filing a notice of appeal in the same manner that a timely motion for new trial does. Surely, the authorization for such an extension could be, and should be, conveyed in an easier and more direct way.

In any event, assuming that S & C Beef files a timely motion for attorney's fees, it is ORDERED, pursuant to Rules 54, 58, and 59 of the Federal Rules of Civil Procedure (West 1996) and subdivisions (a)(4)(D) and (a)(4)(E) of Rule 4 of the Federal Rules of Appellate Procedure (West 1996), as follows:

(1) That plaintiff Wilsa Cortes's motion for extension of time for filing notice of appeal, filed May 15, 1996, is granted; and

(2) That any timely motion for attorney's fees under Rule 54 of the Federal Rules of

---

(C) to alter or amend the judgment under Rule 59;
(D) for attorney's fees under Rule 54 if a district court under Rule 58 extends the time for appeal;
(E) for a new trial under Rule 59; or
(F) for relief under Rule 60 if the motion is filed no later than 10 days after the entry of judgment."

**2.** Similarly, the 1993 Advisory Committee Notes to Rule 4 of the Federal Rules of Appellate Procedure (West 1996) provide in part:

"To conform to a recent Supreme Court decision, however—*Budinich v. Becton Dickinson and Co.*, 486 U.S. 196 [108 S.Ct. 1717, 100 L.Ed.2d 178] (1988)—the amendment excludes motions for attorney's fees from the class of motions that extend the filing time unless a district court, acting under Rule 58, enters an order extending the time for appeal. This amendment is to be read in conjunction with the amendment of Fed.R.Civ.P. 58."

Civil Procedure shall have the same effect under Rule 4(a)(4) of the Federal Rules of Appellate Procedure (West 1996) as a timely motion for new trial under Rule 59 of the Federal Rules of Civil Procedure (West 1996).

