BUDINICH *v.* BECTON DICKINSON & CO.

No. 87–283.   Argued March 21, 1988—Decided May 23, 1988

SCALIA, J., delivered the opinion for a unanimous Court.

*Thomas D. Frank* argued the cause and filed a brief for petitioner.

*Terre Lee Rushton* argued the cause for respondent. With her on the brief was *Donald R. Ware.*

JUSTICE SCALIA delivered the opinion of the Court.

Petitioner brought this action in Colorado state court to recover employment compensation allegedly due. Respondent removed the case to the United States District Court for the District of Colorado on the basis of diversity of citizenship. 28 U. S. C. §§ 1332, 1441. A jury awarded petitioner a verdict of $5,000 (considerably less than had been sought), and judgment was entered on March 26, 1984. Petitioner timely filed new-trial motions, challenging various rulings by the District Court, and a motion for attorney's fees. (Colorado law provides that in a suit to collect compensation due from employment "the judgment . . . shall include a reasonable attorney fee in favor of the winning party, to be taxed as part of the costs of the action." Colo. Rev. Stat. 8-4-114 (1986).) On May 14, 1984, the District Court denied the new-trial motions, found that petitioner was entitled to attorney's fees, and requested further briefing and documentation before de-

termining their amount. The District Court issued its final order concerning the attorney's fees on August 1, 1984. On August 29, petitioner filed notice of appeal to the Court of Appeals for the Tenth Circuit, covering all the District Court's post-trial orders.

Respondent filed a motion to dismiss the appeal, arguing that the judgment was final and immediately appealable when the order denying the new-trial motions was entered May 14, 1984, and that the notice of appeal was not filed within 30 days of that order as required by Federal Rules of Appellate Procedure 4(a)(1) and (4). The Court of Appeals granted the motion to dismiss as to all issues except the award of attorney's fees, which it affirmed. We granted certiorari, 484 U. S. 895 (1987), to resolve a conflict in the Courts of Appeals. Compare, *e. g., Holmes* v. *J. Ray McDermott & Co.*, 682 F. 2d 1143, 1146 (CA5 1982), cert. denied, 459 U. S. 1107 (1983), with, *e. g., International Assn. of Bridge, Structural, Ornamental, and Reinforcing Ironworkers' Local Union 75* v. *Madison Industries, Inc.*, 733 F. 2d 656, 658 (CA9 1984).

It is common ground in this case that if the District Court's decision on the merits was appealable before its determination of attorney's fees, then the merits appeal was untimely. See Fed. Rules App. Proc. 4(a)(1), (4), (6); Fed. Rules Civ. Proc. 54(a), 58. Petitioner contends that Colorado law governs this question and that "[u]nder Colorado law a claim is not final and appealable until attorneys fees are fully determined." Brief for Petitioner 13. We do not agree that Colorado law governs.

Although state law generally supplies the rules of decision in federal diversity cases, see 28 U. S. C. § 1652; *Erie R. Co.* v. *Tompkins*, 304 U. S. 64, 78 (1938), it does not control the resolution of issues governed by federal statute, see U. S. Const., Art. VI, cl. 2 (Supremacy Clause); 28 U. S. C. § 1652; *Prima Paint Corp.* v. *Flood & Conklin Mfg. Co.*, 388 U. S. 395, 404–405 (1967). Under 28 U. S. C. § 1291, "all final

decisions of the district courts" are appealable to the courts of appeals. In using the phrase "final decisions" Congress obviously did not mean to borrow or incorporate state law. "Final decisions" is not a term like "property," which naturally suggests a reference to state-law concepts, cf. *Board of Regents* v. *Roth*, 408 U. S. 564, 577 (1972); and the context of its use in § 1291 makes such a reference doubly implausible, since that provision applies to all federal litigation and not just diversity cases. Nor is it possible to accept petitioner's contention that § 1291 does not apply to diversity cases because that would violate the Tenth Amendment to the Constitution. We have held that enactments "rationally capable of classification" as procedural rules are necessary and proper for carrying into execution the power to establish federal courts vested in Congress by Article III, § 1. *Hanna* v. *Plumer*, 380 U. S. 460, 472 (1965); see also *Burlington Northern R. Co.* v. *Woods*, 480 U. S. 1, 5, and n. 3 (1987). A statute mandating when an appeal may be taken from one federal court to another certainly meets this test. Cf. *Cohen* v. *Beneficial Industrial Loan Corp.*, 337 U. S. 541 (1949) (treating appealability as an issue of federal law in a case brought under diversity jurisdiction).

The question before us, therefore, is whether a decision on the merits is a "final decision" as a matter of federal law under § 1291 when the recoverability or amount of attorney's fees for the litigation remains to be determined. "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin* v. *United States*, 324 U. S. 229, 233 (1945). A question remaining to be decided after an order ending litigation on the merits does not prevent finality if its resolution will not alter the order or moot or revise decisions embodied in the order. See, *e. g.*, *Brown Shoe Co.* v. *United States*, 370 U. S. 294, 308–309 (1962); *Dickinson* v. *Petroleum Conversion Corp.*, 338 U. S. 507, 513–516 (1950). We have all but held that an attorney's fees determination

fits this description. In *White* v. *New Hampshire Dept. of Employment Security,* 455 U. S. 445 (1982), we held that a request for attorney's fees under 42 U. S. C. § 1988 is not a motion "to alter or amend the judgment" within the meaning of Federal Rule of Civil Procedure 59(e) because it does not seek "reconsideration of matters properly encompassed in a decision on the merits." 455 U. S., at 451. This holding was based on our conclusion that "a request for attorney's fees under § 1988 raises legal issues collateral to" and "separate from" the decision on the merits. *Id.,* at 451–452. We went so far as to observe in dicta that "[t]he collateral character of the fee issue establishes that an outstanding fee question does not bar recognition of a merits judgment as 'final' and 'appealable.'" *Id.,* at 452–453, n. 14. See also *Sprague* v. *Ticonic National Bank,* 307 U. S. 161, 170 (1939) (observing that a petition for attorney's fees in equity is "an independent proceeding supplemental to the original proceeding and not a request for a modification of the original decree").

The foregoing discussion is ultimately question-begging, however, since it assumes that the order to which the fee issue was collateral *was* an order ending litigation on the merits. If one were to regard the demand for attorney's fees as *itself* part of the merits, the analysis would not apply. The merits would then not have been concluded, and § 1291 finality would not exist. See *Liberty Mutual Insurance Co.* v. *Wetzel,* 424 U. S. 737, 740–742 (1976). As a general matter, at least, we think it indisputable that a claim for attorney's fees is not part of the merits of the action to which the fees pertain. Such an award does not remedy the injury giving rise to the action, and indeed is often available to the party defending against the action. At common law, attorney's fees were regarded as an element of "costs" awarded to the prevailing party, see 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure: Civil § 2665 (1983), which are not generally treated as part of the merits judgment, cf. Fed. Rule Civ. Proc. 58 ("Entry of the judgment

shall not be delayed for the taxing of costs"). Many federal statutes providing for attorney's fees continue to specify that they are to be taxed and collected as "costs," see *Marek* v. *Chesny*, 473 U. S. 1, 43–48 (1985) (BRENNAN, J., dissenting) (citing 63 such statutes)—as does, in fact, the Colorado statute at issue here.

Petitioner contends, however, that the general status of attorney's fees for § 1291 purposes must be altered when the statutory or decisional law authorizing them makes plain (as he asserts Colorado law does) that they are to be part of the merits judgment. This proposition is not without some support. Some Courts of Appeals have held that the statutes creating liability for attorney's fees can cause them to be part of the merits relief for purposes of § 1291. See, *e. g.*, *Holmes* v. *J. Ray McDermott & Co.*, 682 F. 2d, at 1146; *McQurter* v. *Atlanta*, 724 F. 2d 881, 882 (CA11 1984) *(per curiam)*. This Court itself implicitly acknowledged the possibility of such an approach in *Boeing Co.* v. *Van Gemert*, 444 U. S. 472 (1980), where, in holding that a judgment on the merits was final and immediately appealable apart from the question of attorney's fees, we expressly distinguished cases in which the plaintiff had specifically requested attorney's fees as part of the prayer in his complaint. *Id.*, at 479–480, n. 5. Now that we are squarely confronted with the question, however, we conclude that the § 1291 effect of an unresolved issue of attorney's fees for the litigation at hand should not turn upon the characterization of those fees by the statute or decisional law that authorizes them.

We have said elsewhere that "[t]he considerations that determine finality are not abstractions but have reference to very real interests—not merely those of the immediate parties, but, more particularly, those that pertain to the smooth functioning of our judicial system." *Republic Natural Gas Co.* v. *Oklahoma*, 334 U. S. 62, 69 (1948). Indeed, in the context of the finality provision governing appealability of matters from state courts to this Court, 28 U. S. C. § 1257,

we have been willing in effect to split the "merits," regarding a claim for an accounting to be sufficiently "dissociated" from a related claim for delivery of physical property that "[i]n effect, such a controversy is a multiple litigation allowing review of the adjudication which is concluded because it is independent of, and unaffected by, another litigation with which it happens to be entangled." *Radio Station WOW, Inc.* v. *Johnson*, 326 U. S. 120, 126 (1945). This practical approach to the matter suggests that what is of importance here is not preservation of conceptual consistency in the status of a particular fee authorization as "merits" or "nonmerits," but rather preservation of operational consistency and predictability in the overall application of § 1291. This requires, we think, a uniform rule that an unresolved issue of attorney's fees for the litigation in question does not prevent judgment on the merits from being final.

For all practical purposes an appeal of merits-without-attorney's-fees when there is a statute deeming the attorney's fees to be part of the merits is no more harmful to the trial process than an appeal of merits-without-attorney's-fees when there is no such statute. That "deeming" does not render the appeal more disruptive of ongoing proceedings, more likely to eliminate a trial judge's opportunity for reconsideration, more susceptible to being mooted by settlement, or in any way (except nominally) a more piecemeal enterprise. In short, no interest pertinent to § 1291 is served by according different treatment to attorney's fees deemed part of the merits recovery; and a significant interest is disserved. The time of appealability, having jurisdictional consequences, should above all be clear. We are not inclined to adopt a disposition that requires the merits or nonmerits status of each attorney's fee provision to be clearly established before the time to appeal can be clearly known. Courts and litigants are best served by the bright-line rule, which accords with traditional understanding, that a decision on the merits is a "final decision" for purposes of § 1291 whether or not

there remains for adjudication a request for attorney's fees attributable to the case.

Finally, petitioner argues that even if the Court of Appeals properly decided the question of appealability, the decision constitutes a significant change in the law and therefore should only be applied prospectively. Regardless of whether today's decision works a change, our cases hold that "[a] court lacks discretion to consider the merits of a case over which it is without jurisdiction, and thus, by definition, a jurisdictional ruling may never be made prospective only." *Firestone Tire & Rubber Co.* v. *Risjord,* 449 U. S. 368, 379–380 (1981). Since the Court of Appeals properly held petitioner's notice of appeal from the decision on the merits to be untimely, and since the taking of an appeal within the prescribed time is mandatory and jurisdictional, see Fed. Rules App. Proc. 2, 3(a), 4(a)(1), 26(b); *United States* v. *Robinson,* 361 U. S. 220, 229 (1960); *Farley Transportation Co.* v. *Santa Fe Trail Transportation Co.,* 778 F. 2d 1365, 1368–1370 (CA9 1985), the Court of Appeals was without jurisdiction to review the decision on the merits.

\* \* \*

The Tenth Circuit correctly concluded that federal law governed the question of appealability and that petitioner's judgment on the merits was final and appealable when entered. Accordingly, its judgment is

*Affirmed.*