932 F.2d 968
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roger LAFORTE, et al. Plaintiffs,
Perry T. Christy, Attorney-Appellant,
Liberty Mutual Insurance Co., Intervening Plaintiff,
v.
LORRAINE CAB COMPANY, et al., Defendants,
Dr. Eric Garver, Non-Party-Appellee.
 No. 90-1741.
 United States Court of Appeals, Sixth Circuit.
 May 14, 1991.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff's attorney, Perry T. Christy, appeals from the district court's order enforcing its prior order requiring him to pay certain costs or to show cause as to why he should not be held in contempt. For the reasons that follow, we dismiss this appeal for lack of jurisdiction.
 
 I.
 
 2
 On January 12, 1989, the district court issued a written order assessing attorney's fees and other costs in the amount $1750.00 for discovery abuses by plaintiff's counsel Christy resulting from Christy's abusive attempts to take the deposition of Dr. Eric Garver, a non-party witness. A timely appeal of the district court's order was filed. However, this court dismissed the appeal on March 24, 1989, for failure to prosecute.
 
 
 3
 On January 19, 1990, Dr. Garver filed a motion for additional attorney's fees allegedly resulting from his attempts to collect the $1,750.00 assessment from Christy. Dr. Garver also moved the court to hold Christy in contempt for failure to comply with the court's prior order.
 
 
 4
 Christy did not respond to Dr. Garver's motions. However, on February 9, 1990, Christy filed an affidavit of bias or prejudice against Judge Bernard A. Friedman, the author of the January 12, 1989 order, requesting that the judge recuse himself on several grounds.
 
 
 5
 On May 30, 1990, the court ordered Christy to comply with its prior assessment of costs or show cause as to why he should not be held in contempt. The court also denied Christy's motion for recusal. Christy filed this appeal from the district court's May 30, 1990 order.
 
 
 6
 On September 19, 1990, a hearing was held on Dr. Garver's motions for contempt and for additional attorney's fees. The court issued a final order on September 21, 1990, assessing Christy an additional $200.00 in attorney's fees to cover Dr. Garver's costs in seeking to enforce the court's original order. Further, Christy was ordered to pay the assessed costs, now $1950.00, in weekly installments. No notice of appeal was filed from this final order.
 
 II.
 
 7
 We find that this court has no jurisdiction to hear this appeal because no valid notice of appeal has been filed as to any aspect of the case. Much of Christy's appellate brief is dedicated to challenges to the district court's original January 12, 1989 order assessing costs. Christy's original timely appeal of this order was dismissed by this court for failure to prosecute. No other notice of appeal was filed with this court as to that order. Failure to file a timely notice of appeal deprives this court of jurisdiction to hear an appeal from Judge Friedman's January 12 order. See Budinich v. Becton Dickinson & Co., 486 U.S. 196, 203 (1988); Beard v. Carrollton R.R., 893 F.2d 117, 120 (6th Cir.1989). Thus, all of Christy's challenges to the court's January 12 order are not properly before the court.
 
 
 8
 In addition, the notice of appeal giving rise to this appeal was filed from the district court's May 30, 1990 order to show cause and denying a motion to recuse. This court only has jurisdiction to hear appeals from "final decisions." 28 U.S.C. Sec. 1291. "A 'final decision' is generally one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1944). The district court's May 30 order to show cause and denying a motion for recusal is not a final order within the meaning of 28 U.S.C. Sec. 1291. Toledo Metal Wheel Co. v. Foyer Bros. & Co., 223 F. 350 (6th Cir.1915) (order to show cause is not an appealable final order); In re: City of Detroit, 828 F.2d 1160, 1165-66 (6th Cir.1987) (an order denying a motion for recusal is not appealable while the action is still pending). Nor can we accept Christy's premature notice of appeal from the May 30 order as a notice of appeal from the district court's final order of September 21, 1990. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 60-61 (1982) (strictly construing Fed.R.App.P. 4(a)(4) to bar premature notices of appeal).
 
 
 9
 Finally, Christy has not filed nor can he file a timely notice of appeal from the court's September 21 order because it was not filed within 30 days of that final order. See Fed.R.Civ.P. 4(a) (notice of appeal must be filed within 30 days of the final decision); see, also, Beard, 893 F.2d at 120 (a timely notice of appeal is "mandatory and jurisdictional" and the court has no authority to extend the time prescribed in Rule 4(a)). Therefore, we find it would be fruitless to hear argument on why this appeal should not be dismissed.
 
 III.
 
 10
 For the foregoing reasons, we order this appeal dismissed for lack of jurisdiction.