959 F.2d 238
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Elliott C. CUNNINGHAM, Plaintiff-Appellee,
v.
GARY COMMUNITY MENTAL HEALTH CENTER, INC., Defendant-Appellant.
 No. 90-3438.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 31, 1992.*
Decided April 6, 1992.
 
 Before POSNER and EASTERBROOK, Circuit Judges, and PELL, Senior Circuit Judge.
 
 Order
 
 1
 This is the third appeal by the Gary Community Mental Health Center in a single action under the Fair Labor Standards Act. A jury found that the Center had not treated Cunningham in the way that statute required. We affirmed in an unpublished order. No. 89-1474 (July 30, 1991). Two weeks after the jury's verdict, and before we decided the first appeal, the Center fired Cunningham. On a motion for supplemental relief, the district court decided that the discharge was in retaliation for Cunningham's assertion of his rights under the Act and made an award of supplemental relief. (The Center simultaneously fired another employee who had testified on Cunningham's behalf. See Travis v. Gary Community Mental Health Center, Inc., 921 F.2d 108 (7th Cir.1990), cert. denied, 112 S.Ct. 60 (1991).) In an unpublished order, we dismissed as untimely the Center's appeal from the supplemental award. No. 90-3229 (Nov. 13, 1990). The district judge also awarded Cunningham the costs and legal fees incurred in pursuing the award of supplemental relief.
 
 
 2
 This appeal challenges the order to pay costs and fees. The Center does not, however, challenge the calculation of costs or the reasonableness of the fees. Instead the Center insists that the supplemental relief should not have been given. But we have already dismissed as untimely the appeal from the award of supplemental relief, and the losing party may not use an appeal from an award of costs as a means to challenge the substantive order after the time for that challenge has expired. Budinich v. Becton Dickinson & Co., 486 U.S. 196 (1988); Exchange National Bank v. Daniels, 763 F.2d 286, 289-94 (7th Cir.1985).
 
 
 3
 The Center has waived any challenge to the fees and costs themselves, for it did not even respond in the district court to Cunningham's motion.
 
 
 4
 Parties prevailing under the Fair Labor Standards Act are entitled to recover the costs and attorneys' fees reasonably incurred in prosecuting retaliation claims. 29 U.S.C. § 216(b). Cunningham therefore would be entitled to petition the district court for an award, which may well lead to a fourth appeal--for the Center appears unable or unwilling to distinguish sound legal claims from frivolous ones. Rather than prolong this litigation, we shall bring it to an end. Cunningham has 15 days to inform this court of all costs and fees reasonably incurred in defending this appeal. The Center will have seven days to respond.
 
 
 5
 AFFIRMED.
 
 
 
 *
 Plaintiff filed a suggestion that this case be decided without oral argument. The court then notified the parties that it had tentatively concluded that oral argument would not be helpful. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record