962 F.2d 12
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
In re: Billy Roy TYLER, Appellant.
 No. 91-3174.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 7, 1992.
Filed: May 8, 1992.
 
 Before McMILLIAN, Circuit Judge, HEANEY and HENLEY, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 On August 14, 1991, the United States District Court for the Southern District of Iowa sua sponte entered an order prohibiting Billy Roy Tyler and anyone associated with him "from filing any papers in person in the Council Bluffs clerk's office." Tyler appealed. Because it was unclear whether the appeal was timely, this court remanded to the district court to determine when Tyler's notice of appeal was filed.
 
 
 2
 Following remand, the district court issued an order stating that Tyler's notice of appeal was not received until September 19, 1991.
 
 
 3
 Tyler had thirty days (i.e., until September 14) in which to file his notice of appeal in the District Court for the Southern District of Iowa. This he failed to do; thus his appeal is untimely.
 
 
 4
 Federal Rule of Appellate Procedure 4(a)(5) provides in pertinent part: "The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)." There is no indication in the record that Tyler sought a Rule 4(a)(5) extension or that he took any steps which could be so construed. Absent such a motion, his appeal was untimely. See Wilder v. Chairman of Cent. Classification Bd., 926 F.2d 367, 371 (4th Cir.), cert. denied, 112 S. Ct. 109 (1991).
 
 
 5
 "[T]he taking of an appeal within the prescribed time is mandatory and jurisdictional." Budinich v. Becton Dickinson & Co., 486 U.S. 196, 203 (1988). Accordingly, we dismiss this appeal for lack of jurisdiction.