29 F.3d 633
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Naimish D. PARIKH, Plaintiff-Appellant,
v.
CITY AND COUNTY OF HONOLULU; et al., Defendants-Appellees.
 No. 93-15135.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided July 6, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Naimish D. Parikh appeals pro se the district court's grant of summary judgment in favor of all defendants. In his 42 U.S.C. Sec. 1983 action, Parikh alleged that he was unconstitutionally detained by the Honolulu Police Department. The district court found that some defendants were entitled to qualified immunity and other defendants were not subject to section 1983 liability. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291.[1]
 
 
 3
 This court can affirm the decision of the district court on any ground finding support in the record. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). The district court found that the defendants were either entitled to qualified immunity or not subject to section 1983 liability. We, however, conclude that Parikh's action is barred by the statute of limitations. Therefore, we affirm the district court's grant of summary judgment in favor of all defendants.
 
 
 4
 On Thursday, 8 May 1986, Barbara Colton, Parikh's ex-wife, filed a criminal complaint alleging that Parikh had entered her home without her consent, physically assaulted her, and raped her. At approximately 10:00 p.m. on the same day, Parikh was arrested and incarcerated. On 9 May 1986, after being advised of his Miranda[2] rights, Parikh talked with police detectives. On the same day, Parikh, after being advised of his Miranda rights, took a polygraph test. After the test, Parikh agreed to talk with police detectives. During that session, Parikh confessed to the allegations concerning his ex-wife. Based on the evidence and Parikh's confession, the victim's complaint was accepted and Parikh was charged with first degree burglary, kidnapping, and two counts of second degree rape. On Saturday, 10 May 1986, Parikh appeared before a state court judge, who set a preliminary hearing for Tuesday, 13 May 1986. At the preliminary hearing, a probable cause determination was made. On 18 August 1988, Parikh was convicted on all four counts.
 
 
 5
 Parikh filed this action on 23 April 1990, and filed an amended complaint on 19 July 1990. In his amended complaint, Parikh alleged that the defendants violated his constitutional rights when they arrested him in connection with the rape investigation. Parikh alleged, inter alia, that the defendants arrested and detained him without probable cause.
 
 
 6
 Federal law governs the characterization of claims brought under 42 U.S.C. Sec. 1983. Wilson v. Garcia, 471 U.S. 261, 268 (1985). However, the applicable statute of limitations is a matter of state law. Id. at 269; see also Owens v. Okure, 488 U.S. 235, 240-41 (1989). The Hawaii Supreme Court has determined that under Wilson and Owens, the applicable statute of limitations for claims brought under section 1983 is Haw.Rev.Stat. Sec. 657-7, the general personal injury statute of limitations. Pele Defense Fund v. Paty, 837 P.2d 1247, 1260 (Haw.1992), cert. denied, 113 S.Ct. 1277 (1993). We have reached the same conclusion. Price v. Hawaii, 939 F.2d 702, 708 n. 7 (9th Cir.1991), cert. denied, 112 S.Ct. 1480 (1992).
 
 
 7
 Hawaii Revised Statute section 657-7 provides in relevant part: "Actions for the recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued."
 
 
 8
 The alleged constitutional violations occurred during Parikh's detention in May 1986. Thus, under Haw.Rev.Stat. Sec. 657-7, Parikh had two years to file his action. However, Parikh's action was filed on 23 April 1990, almost four years after the alleged violations occurred. Therefore, because Parikh's action was filed more than two years after the alleged constitutional violations occurred, the action is time-barred. See Price, 939 F.2d at 708 n. 7; Pele Defense Fund, 827 P.2d at 1260.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court's grant of summary judgment in favor of the defendants established law of the case sufficient to decide every cause of action pleaded in this lawsuit. See Federal Ins. Co. v. Scarsella Bros., Inc., 931 F.2d 599, 601 (9th Cir.1991). The defendants' counter-claims relate to costs and attorneys' fees, which are collateral to the action. See Budinich v. Becton Dickinson & Co., 486 U.S. 196, 199-201 (1988); Beaudry Motor Co. v. ABKO Properties, Inc., 780 F.2d 751, 755 (9th Cir.), cert. denied, 479 U.S. 825 (1986)
 
 
 [2]
 Miranda v. Arizona, 384 U.S. 436 (1966)