73 F.3d 361
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellee,
v.
UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF the
PLUMBING & PIPEFITTERS INDUSTRY OF the UNITED
STATES AND CANADA, LOCAL 120, Defendant-Appellant.
 No. 95-4130.
 United States Court of Appeals, Sixth Circuit.
 Dec. 13, 1995.
 
 Before: LIVELY, GUY, and RYAN, Circuit Judges.
 
 ORDER
 
 1
 The defendant appeals a September 28, 1995 district court order declining to modify an earlier finding of contempt and increasing the amount the defendant is to required to contribute towards the cost of a court appointed expert witness. The defendant now moves to stay all proceedings in the district court pending disposition of its appeal. Plaintiff, the Equal Employment Opportunity Commission (the Commission), has filed a response in opposition. The Commission also moves to dismiss the defendant's appeal on grounds that the September 28 order is interlocutory and not immediately appealable. The defendant has filed a response opposing dismissal.
 
 
 2
 We note at the onset that this court has dismissed two prior appeals brought by the defendant in Case Nos. 93-3248 and 95-3690. Upon review of those dismissal orders and the facts and arguments presented, we conclude that the present appeal must also be dismissed. At this time, there is a motion to alter or amend under Rule 59(e), Fed.R.Civ.P., which is pending in the district court and which prevents immediate appeal of the underlying judgment finding the defendant in contempt. An order declining to modify that judgment is similarly not appealable absent a ruling on the motion to alter or amend. In addition, that portion of the September 28 order requiring the defendant to pay more towards expert witness fees is not immediately appealable, either as a collateral order or as the practical equivalent of an injunction under 28 U.S.C. Sec. 1292(a).
 
 
 3
 The defendant argues that payment of expert witness fees is analogous to the payment of attorney fees which may be appealed independently from the merits of the litigation. Budinich v. Becton Dickinson and Co., 486 U.S. 196 (1988). In this case, however, final judgment has not been entered and an interim award of fees is not immediately appealable under 28 U.S.C. Sec. 1291. See Rosenfeld v. United States, 859 F.2d 717 (9th Cir.1988). Therefore, to bring an appeal, the defendant must demonstrate that the September 28 order qualifies as a collateral order or the practical equivalent of an injunction.
 
 
 4
 To be appealable under the collateral order doctrine established in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949), an order must 1) conclusively determine the disputed question; 2) resolve an important issue completely separate from the merits of case; and 3) be effectively unreviewable on appeal from final judgment. See Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 276 (1988); Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978). By increasing the defendant's contribution toward expert witness fees, the district court has demonstrated that the issue of witness fees has not been conclusively determined and is open to modification in the future. That issue is also intertwined with the court's finding of contempt and can be appealed when final judgment is entered. The defendant has presented no facts to substantiate its claim that it will be unable to recover those fees if successful on appeal and, according to the Commission, the defendant has never made any payments towards the expert's fees. For similar reasons, we conclude that the September 28 order is not the practical equivalent of an injunction. See Carson v. American Brands, Inc., 450 U.S. 79, 84 (1981) (an order having the practical effect of an injunction is appealable only if it has "serious perhaps irreparable consequences").
 
 
 5
 It therefore is ORDERED that the Commission's motion to dismiss is granted. The defendant's stay motion is denied as moot.