101 F.3d 716
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Clotide PERSYN, Indv. and as Ind.Exec. of Est. of Darson H.
Persyn, Dec'd; Florent Baecke; Mildred Baecke; Paul
Persyn; Erma Persyn; Raul Jimenez, Sr.; Aviel Broekhove;
Josie A. Broakhove; Celeste Persyn Worrick, Indv. and as
Ind.Exec. of Est. of Leona Persyn, Dec'd; Richard Persyn;
Gabriel Thienpont; Frank Persyn, Henry Joe Persyn, Leslie
Ann Persyn, Lorraine Steubing, and Laura Persyn, Successors
in Title to Emma Persyn, Dec'd; Mary Rosenbush; Margaret
Milam; Hortense Broekhove; 4M Properties, Inc.; Somerset
Road Joint Venture, Acting by and through its members Terry
Britton, Martin Weiss, and Michael Weiss; Aviel L.
Broekhove; Phil M. Broekhove; Emiel P. Broekhove; Maria
Aelvoet, Devisee of Remi Aelvoet; Marshall Aelvoet;
Richard Aelvoet; Elsie Aelvoet Verelst; Raymond Wauters,
Successor in Title to Aline Wauters, Dec'd; Raymond
Wauters, Successor in Title to Aline Wauters, Dec'd;
Raymond Wauters; Lorraine Wauters; Irma Verstuyft, Indv.
and as Ind.Exec. of Est. of George Verstuyft, Dec'd; Norman
Verstuyft; Michael Raymond Verstuyft; Gary Edward
Verstuyft, David Alphonse Verstuyft, Richard John Verstuyft,
Julia Louise Verstuyft, and Shirley P. Verstuyft, Successors
in Title to Raymond Verstuyft, Dec'd; Eunice Verstuyft,
Indv. and as Ind.Exec. of Robert Verstuyft, Dec'd; Margaret
Verstuyft; Edward C. Verstuyft; John D. Verstuyft; Marie
Durst; Roger Verstuyft; Patricia Verstuyft; Marvin
Verstuyft; Sharon Elaine Eisenhauer; Mildred Baecke, Indv.
and as Successor to Clara Verschelden, Dec'd; Alene Buys,
Indv. and as Successor to Clara Vershelden, Dec'd; Clara
Verstuyft Persyn; Henry Verstuyft; Julia Verstuyft; A.C.
Lopez; Margaret G. Brown, George Brown, II, Mary Alice
Pons, Richard Brown, Daniel Brown, and Margaret Rose Brown,
Successors in Title to George Brown, Dec'd; Helaman R.
Duran; Irene L. Duran; Henry B. Garcia; Rosie R. Garcia;
Estates of Joe Centeno, Sr., Dec'd, and Jesusa Centeno,
Dec'd, Their Devisees and Heirs Eloy Centeno, Lily Centeno
Alfonsin, Alice B. Centeno Little, Charles Saladana, Carmen
Garcia, and Roland Naumann, Co-Administrators with Wills
Annexed; Margaret Thienpont; Aline Oyer; Marie Dedock;
Robert Cadena; John Miller; Comcal Group; J.L. Guerra,
Jr., Ind.Exec. of Est. of J.L. Guerra, Sr., Dec'd; and
Hermina L. Guerra; Plaintiffs,
and
Craig L. Austin, Sanctioned Party-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 96-5125.
 United States Court of Appeals, Federal Circuit.
 Nov. 14, 1996.
 
 Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 ON MOTION
 PLAGER, Circuit Judge.
 
 ORDER
 
 1
 The United States moves to dismiss this appeal. Craig L. Austin moves for a 10-day extension of time, until October 25, 1996, to file a response to the United States' motion to dismiss the appeal. Austin states that the United States consents. Austin submits an opposition to the motion to dismiss.*
 
 
 2
 Briefly, the Court of Federal Claims in its June 3, 1996 order imposed RCFC 11 sanctions against Austin, plaintiffs' attorney. The Court of Federal Claims, however, did not determined the amount to be awarded. Austin nonetheless filed a notice of appeal.
 
 
 3
 The United States contends that the order appealed from is not a final order and, therefore, that this court is without jurisdiction. This court has jurisdiction over an appeal from "a final decision" of the Court of Federal Claims. 28 U.S.C. § 1295(a). A final decision is one that resolves all of the issues and leaves nothing for the court to do but to execute the judgment. See Budinich v. Becton Dickinson & Co., 486 U.S. 196, 199 (1988); Firestone Tire & Rubber v. Risjord, 449 U.S. 368, 373 (1981). In this case, it is clear that the Court of Federal Claims did not intend its order to be a final order on the issue of sanctions because the court directed the United States to file a certified statement of charges. See, e.g., PPG Indus., Inc. v. Celanese Polymer Specialties Co., 840 F.2d 1565, 1567 (Fed.Cir.1988). Thus, Austin's appeal is premature and must be dismissed for lack of jurisdiction.
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 (1) The United States' motion to dismiss is granted.
 
 
 6
 (2) Austin's motion for an extension of time is granted.
 
 
 7
 (3) Each side shall bear its own costs.
 
 
 8
 (4) The revised official caption is reflected above.
 
 
 
 *
 Austin submitted his opposition on October 29, 1996. The court treats Austin's opposition as a motion for a further extension of time to file an opposition, with opposition attached, and grants it