**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 5 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SHAWN LENARDO LAW,

Defendant-Appellant.

Nos. 99-6453
&
00-6019
(D.C. No. CR-99-68-T)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **BRORBY** , **PORFILIO** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

Defendant pleaded guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him to

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

292 months imprisonment, followed by five years of supervised release. It also assessed a monetary penalty and required defendant to participate in a substance abuse program. In this appeal, defendant challenges the district court's calculation of his criminal history points in determining his sentence under the United States Sentencing Guidelines (USSG).

On appeal, "[w]e review the district court's legal interpretation of the guidelines de novo and review its findings of fact for clear error, giving due deference to the district court's application of the guidelines to the facts." *United States v. Janusz*, 135 F.3d 1319, 1324 (10th Cir. 1998) (citations omitted). Guided by these standards, we affirm.

Defendant makes two challenges to the district court's calculation of his criminal history points. First, he argues that he should have received only three points, instead of nine, for three drug-related convictions in Oklahoma state court. He maintains that, since the three cases were consolidated for sentencing purposes and the sentences on the three convictions ran concurrently, the sentences were in related cases and should have been treated as one sentence instead of three. *See* USSG § 4A1.2(a)(2). Defendant misreads the commentary to § 4A1.2 in making this argument. Application note 3 following that section states that "[p]rior sentences are not considered related if they were for offenses that were separated by an intervening arrest," as these three sentences were.

USSG § 4A1.2, comment. (n.3). Prior sentences are considered related if they are consolidated for sentencing purposes *only* if there was no intervening arrest. *Id.* ("*Otherwise*, prior sentences are considered related if they resulted from offenses that . . . were consolidated for trial or sentencing." (emphasis added)). Consequently, the district court correctly counted the three sentences separately for purposes of § 4A1.2, and it properly assessed a total of nine criminal history points for them.

Next, defendant argues that the district court improperly assessed one criminal history point for his misdemeanor conviction for driving with a suspended license. He contends that the conviction should not have been counted as a prior sentence under § 4A1.1 because that sentence was not imposed within ten years of the instant offense, as required by § 4A1.2(e)(2). This argument fails because it is the *commencement* of the instant offense, not the conviction or sentence for the instant offense, that must occur within ten years from imposition of the prior sentence. *Id.* The evidence before the district court indicated that plaintiff commenced the instant offense as early as January 1996. Consequently, the district court correctly added one criminal history point for defendant's 1989 misdemeanor conviction.

In addition to defendant's arguments on appeal, this court ordered supplemental briefing on the issue of whether his one-year suspended sentence for

driving with a suspended license qualified as a prior sentence under §§ 4A1.1(c) and 4A1.2(c)(1)(A). We do not address this issue, however, because even if the one point for that sentence were subtracted, thus reducing defendant's criminal-history-point total from fifteen to fourteen, his criminal history category would still be VI and the sentencing guideline range would remain the same. *See United States v. Williams*, 919 F.2d 1451, 1458 (10th Cir. 1990) (declining to address sentencing issue where criminal history category and resulting guideline range would remain unchanged).

Finally, we must address a procedural problem with these consolidated appeals. Defendant filed a timely *pro se* notice of appeal in No. 99-6453. The notice of appeal in No. 00-6019, which was filed by defendant's counsel, was not filed within the ten-day filing period, and no permissible extension of the deadline was granted. *See* Fed. R. App. P. 4(b)(1)(A) & (a)(5)(A). Consequently, we lack appellate jurisdiction over No. 00-6019. *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203 (1988).

In sum, we hold that the district court's calculation of defendant's sentence under the guidelines was correct. Consequently, we AFFIRM the district court's judgment in No. 99-6453. We DISMISS No. 00-6019 for lack of jurisdiction.

Entered for the Court

Bobby R. Baldock
Circuit Judge