In re: **Jeffrey Shawn REGAN and Kerrie Marie Regan, Debtors.**

**Fowler & Peth, Inc., Plaintiff/Appellee**

v.

**Jeffrey Shawn Regan and Kerrie Marie Regan, Defendants/Appellants.**

**Civ. No. 04–B–1483.**

United States District Court, D. Colorado.

May 27, 2005.

---

47. *Id.*

Harvey L. Kramer, Brown, Berardini & Dunning, P.C., Denver, CO, for Plaintiff.

Stephen E. Berken, Jennifer Pielsticker, Steven E. Berken, Law Offices, Denver, CO, for Defendants.

## MEMORANDUM OPINION AND ORDER

BABCOCK, Chief Judge.

Appellants Jeffrey Shawn Regan and Kerrie Marie Regan (the "Regans") appeal the United States Bankruptcy Court for the District of Colorado's Order and Memorandum Opinion Determining Debt to be Nondischargeable dated July 6, 2004 and published at *In re Regan,* 311 B.R. 271 (Bankr.D.Colo.2004) (the "Order") on a number of grounds. Oral argument would not materially assist in determination of this appeal. After full consideration of the record and the parties' briefs, I reverse and remand the case to the bankruptcy court with direction to order that the debt owed to Fowler & Peth, Inc. in the amount of $48,185.03 is dischargeable.

### I. Jurisdiction

Pursuant to 28 U.S.C. § 158(a), this Court has jurisdiction to hear appeals from the "final judgments, orders and decrees ... of bankruptcy judges entered in cases and proceedings referred to ... bankruptcy judges ...." Appellee Fowler & Peth, Inc. ("Fowler") questions whether the Order is final in view of the Regans' unresolved counterclaim for attorney fees and costs and the lack of certification pursuant to Fed.R.Civ.P. 54(b) by the bankruptcy court. In response, the Regans cite substantial authority for the proposition that a decision on the merits of a case is final for purposes of appeal regardless of any outstanding claims for attorney fees. *See e.g. Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 202, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988). Although the authority cited by the Regans generally involves motions for attorney fees as opposed to counterclaims seeking such relief, the underlying rationale is the same. That is, resolution of the Regans' counterclaim for attorney fees and costs will not alter the Order or revise the decisions embodied therein. *Id.*

at 199, 108 S.Ct. 1717. Accordingly, I conclude that the Order constitutes a final order and that I therefore have jurisdiction to decide this appeal pursuant to 28 U.S.C. § 158(a).

## II. Background

The following facts were either stipulated to by the parties or found by the bankruptcy court and not challenged on appeal.

The Regans were the sole owners and officers of Eagle Roofing Systems, Inc. ("Eagle"), a delinquent Colorado corporation that installed and repaired roofs. As Eagle's sole owners and officers, the Regans controlled Eagle's cash flow and made all of its financial decisions.

Pursuant to a credit agreement, Eagle purchased roofing materials from Fowler for use in various construction projects. When Eagle began to experience significant financial difficulties in the year 2000, it began paying invoices from its suppliers, including Fowler, based on the date of the invoices with the oldest invoices being paid first. Monies paid to Eagle for work on specific properties were also used to pay the Regans' personal living expenses and other general expenses of Eagle. As a result of these practices, Fowler was not fully paid for supplies delivered to Eagle even though Eagle was fully compensated for its work on the properties into which Fowler's supplies were incorporated. Thus, as of the date the Regans' filed their Chapter 7 Bankruptcy Petition, Eagle owed Fowler $48,185.03 (the "Debt").

Fowler did not file liens against any of the properties into which its supplies were incorporated. Fowler did, however, commence an adversary action against the Regans in which it asserted that the Regans should be held personally liable for the Debt and that the Debt was nondischargeable. Following a trial, the bankruptcy court agreed and ordered that the Debt was nondischargeable in the Regans' bankruptcy case. This appeal followed.

## III. Standard of Review

■ In reviewing a bankruptcy court's decision, the district court functions as an appellate court and is authorized to affirm, reverse, modify or remand the bankruptcy court's ruling. Fed. Bankr.R. 8013. Factual findings are reviewed under the clearly erroneous standard while conclusions of law are reviewed *de novo. See Sender v. Johnson,* 84 F.3d 1267, 1268 (10th Cir. 1996); *Bartmann v. Maverick Tube Corp.,* 853 F.2d 1540, 1543 (10th Cir.1988).

## IV. Analysis

■ The Regans raise the following issues on appeal: (1) whether the bankruptcy court erred in concluding that Colorado's Mechanics' Lien Trust Fund Statute, C.R.S. § 38–22–127, (the "Trust Fund Statute") was applicable and created a fiduciary relationship between Eagle and Fowler; (2) whether the bankruptcy court erred in concluding that a defalcation while acting in a fiduciary capacity had been committed; and (3) whether the bankruptcy court erred in concluding that the Regans were personally liable for the Debt for breach of fiduciary duty. Because resolution of the first issue in the Regans' favor is dispositive, I need not address issues two and three. The following analysis therefore focuses solely on the applicability of the Trust Fund Statute under the facts and circumstances of this case.

The bankruptcy court's finding that the Debt was nondischargeable in the Regans' bankruptcy case was predicated on 11 U.S.C. § 523(a)(4). Section 523(a)(4) provides that an individual debtor is not discharged from any debt for defalcation while acting in a fiduciary capacity. Accordingly, as an initial matter, the bankruptcy court had to determine whether the Debt and, critically here, the defalcation

occurred while Eagle was acting in a fiduciary capacity to Fowler. The bankruptcy court concluded that Eagle was acting in such capacity based on the Trust Fund Statute which provides as follows:

All funds disbursed to any contractor or subcontractor under any building, construction, or remodeling contract or on any construction project shall be held in trust for the payment of the subcontractors, labor or material suppliers, or laborers who have furnished laborers, materials, services, or labor, *who have a lien, or may have a lien, against the property,* or who claim, or may claim against a principal or surety under the provisions of this article and for which such disbursement was made.

C.R.S. § 38–22–127(1) (emphasis added).

On appeal, the Regans argue that the Trust Fund Statute does not apply in this case and that Fowler therefore cannot establish the predicate fiduciary relationship required by 11 U.S.C. § 523(a)(4). Specifically, the Regans argue that Fowler cannot demonstrate that it has actual or potential liens against the properties into which its supplies were incorporated as required by the Trust Fund Statute. I agree.

It is undisputed that Fowler did not file a lien against any of the subject properties. The question then is whether Fowler can satisfy the alternative requirement that it have potential liens against the properties though it did not actually file any such liens and though the time in which it could have done so has expired. *See* C.R.S. §§ 38–22–109(5) & 110 (establishing period of four months to file lien statement and period of six months to commence action to enforce the lien and file a notice of *lis pendens*, respectively).

In concluding that Fowler satisfied the Trust Fund Statute's requirement that it have potential liens against the subject properties, the bankruptcy court interpreted the Trust Fund Statute as providing an alternative remedy for unpaid laborers and materialmen that is separate and apart from traditional mechanics' lien practice. This interpretation is problematic, however, because the Trust Fund Statute is included within Colorado's General Mechanics' Lien Statute and is, therefore, necessarily related to it. In this regard, the Trust Fund Statute is similar to that provided under Oklahoma law. Specifically, 42 O.S.1981 § 152(1) is contained within Oklahoma's mechanics' lien statute and provides as follows:

The amount payable under any building or remodeling contract shall, upon receipt by any contractor or subcontractor, be held as trust funds for the payment of all *lienable claims* due and owing or to become due and owing by such contractors or subcontractors by reason of such building or remodeling contract. (Emphasis added).

In *In re Tefertiller,* 772 P.2d 396 (Okla. 1989), the United States Bankruptcy Court for the Western District of Oklahoma certified the precise question raised in this case to the Oklahoma Supreme Court. That is, the bankruptcy court asked the Oklahoma Supreme Court whether the perfection of a statutory mechanics' lien is required to assert a claim upon construction trust funds pursuant to Section 152(1) set forth above. The Oklahoma Supreme Court answered the question in the affirmative and concluded that a lien must be perfected because "the construction trust fund statutes reflect by title and content that they are an integral part of the lien laws" of Oklahoma. *Id.* at 398 (quoting *McGlumphy v. Jetero Constr. Co., Inc.,* 593 P.2d 76, 83 (Okla.1978)). The Oklahoma Supreme Court further concluded that a subcontractor's "lienable claim" exists only from the time that work or the furnishing of materials commences until the time that Oklahoma statutes provide for the filing of a mechanics' lien expires.

*Id.* at 399. *See also Bohn v. Divine,* 544 P.2d 916, 920 (Okla.App.1975) ("Unless the lienable claim was perfected within 90 days of completion of work or furnishing of materials", the character of the claim was no longer "lienable").

The Trust Fund Statute and Colorado's General Mechanics' Lien Statute are not identical to the analogous statutes for the State of Oklahoma. There are, however, significant similarities between the statutes of the two states that render *Tefertiller* instructive, particularly since there are no Colorado cases on point. First, the fact that the Trust Fund Statute is contained within Colorado's General Mechanics' Lien Statute, as is the case with Oklahoma's statutes, indicates that these statutes must be construed together. Accordingly, I disagree with the bankruptcy court's conclusion that the remedy provided for in the Trust Fund Statute is separate and apart from traditional mechanics' lien practice. In addition, Oklahoma's trust fund statute provides protection for those who have "lienable claims" as opposed to an actual perfected lien while the Trust Fund Statute provides protection to those who have or "who may have a lien." As with a "lienable claim," I hold that a subcontractor or supplier no longer has a potential lien under the Trust Fund Statute if the time for filing and perfecting the same has passed as is the case here and, thus, the fiduciary relationship existent during the perfection period expired.

Accordingly, I conclude that the Trust Fund Statute does not apply in this case. Specifically, I conclude that Fowler may have had a lien on the subject properties coupled with a fiduciary relationship with Eagle only within the time allowed for filing and perfecting a mechanics' lien under C.R.S. §§ 38–22–109(5) & 110, which time has passed. Contrary to the bankruptcy court's concerns, this interpretation does not render the "may have a lien" portion of the Trust Fund Statute meaningless. Rather, it recognizes the significance of the placement of the Trust Fund Statute in Colorado's General Mechanics' Lien Statute and provides those who have not yet filed and perfected a lien with protection for a limited period of time.

Because Fowler cannot satisfy the Trust Fund Statute's requirement that it have actual or potential liens against the subject properties so as to establish Section 523(a)(4)'s predicate fiduciary capacity requirement, I reverse the bankruptcy court's order determining the Debt to be nondischargeable.

For the reasons set forth above, IT IS ORDERED that United States Bankruptcy Court for the District of Colorado's Order and Memorandum Opinion Determining Debt to be Nondischargeable dated July 6, 2004 is REVERSED and that this case is REMANDED with direction to order the Regans' debt to Fowler dischargeable.