# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 19, 2008

Charles R. Fulbruge III
Clerk

No. 08-30218
Summary Calendar

ANGELA DAWN DOWLING

Plaintiff

v.

GEORGIA-PACIFIC CORPORATION

Defendant - Third Party Plaintiff - Appellee

v.

KELLOGG BROWN & ROOT INC

Third Party Defendant - Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
(02-CV-637)

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Third-party defendant / appellant Kellogg Brown & Root, Inc. ("KBR") has filed an unopposed motion for a determination regarding appellate jurisdiction prior to the issuance of a briefing schedule. We grant the motion and conclude that we have appellate jurisdiction over this case.

KBR filed the instant motion out of an abundance of caution because the order appealed from does not contain a specific dollar amount. Instead, the district court, upon granting summary judgment in favor of Georgia-Pacific Corporation ("GP"), ordered KBR to (1) indemnify GP for the full amount of the settlement proceeds paid to the plaintiff on the underlying claim; and (2) reimburse GP for all attorney's fees and costs incurred in this matter.

We have jurisdiction over appeals from all "final decisions" of the district courts. See 28 U.S.C. § 1291. "A judgment is final when it terminates litigation on the merits and leaves the court with nothing to do except execute the judgment." Zink v. United States, 929 F.2d 1015, 1020 (5th Cir. 1991). However, a judgment is not final until both liability and damages are determined. Deloach v. Delchamps, 897 F.2d 815, 826 (5th Cir. 1990). "Although there is no statute or rule that specifies the essential elements of a final judgment and the Supreme Court has held that no form of words and no peculiar formal act is necessary to evince the rendition of a judgment, a final judgment for money must, at least, determine, or specify the means for determining, the amount of the judgment." Zink, 929 F.2d at 1020 (internal citations omitted).

Here, the district court specifically ordered KBR to indemnify GP for the full amount of the settlement proceeds paid to the plaintiff on the underlying claim. The parties agree that the amount is readily available through court documents. With respect to the issue of attorney's fees and costs, the Supreme Court has made clear that "a decision on the merits is a 'final decision' for purposes of § 1291 whether or not there remains for adjudication a request for

attorney's fees attributable to the case." Budinich v. Becton Dickinson & Co., 486 U.S. 196, 202-03 (1988).

Thus, we have appellate jurisdiction over this case.