**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 19a0424n.06

Case No. 18-1795

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Aug 14, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| THE ESTATE OF JOANN MATOUK ROMAIN and MICHELLE MARIE ROMAIN, Personal Representative of the Estate, | ) ) ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiffs-Appellees, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| CITY OF GROSSE POINTE FARMS, et al., | ) | |
| | ) | |
| Defendants-Appellants. | ) | O P I N I O N |

**BEFORE: McKEAGUE, KETHLEDGE, and MURPHY, Circuit Judges.**

**McKEAGUE, Circuit Judge.** In a related appeal, Joann Matouk Romain's estate alleges that two police departments and many officers conspired to cover up Joann's murder. This appeal is about a subject we address more often: attorney's fees. In a fifty-nine page opinion granting summary judgment to the defendants, the district court included one cursory sentence about those fees. That was not enough. We therefore vacate and remand the district court's denial of attorney's fees.

\* \* \*

Joann Matouk Romain's disappearance in January 2010 led to over five years of civil litigation. The many defendants include the City of Grosse Pointe Farms, the City of Grosse Pointe Woods, and police officers from the two cities. In the conclusion of a motion for summary

judgment, the Farms Defendants[1] requested that the order granting summary judgment "include an award of actual costs and attorney fees." At the motion hearing, those defendants similarly asked that the district court "grant summary judgment on all of the claims and award us costs." In an order granting summary judgment, the district court—in a single sentence—denied the request for fees and costs because it found the estate's "pursuit of this lawsuit meritorious." The district court also included the denial of fees and costs in the judgment closing the case. The Farms Defendants then filed a motion for reconsideration under the local rules and a motion to amend judgment under Civil Rule 59(e). Both motions requested that the district court allow the Farms Defendants to file a motion for attorney's fees based on the entry of summary judgment in their favor. The district court denied those motions. This appeal followed.

The estate asserts that we cannot consider the appeal because the Farms Defendants missed the deadline to appeal under Federal Rule of Appellate Procedure 4(a)(1)(A).[2] This Court has already considered (and rejected) that argument twice. The estate first raised the argument in a motion to dismiss this appeal. In a well-reasoned opinion, a motions panel denied the motion citing *Penland v. Warren County Jail*, 759 F.2d 524, 527 (6th Cir. 1985) (en banc) for the proposition that a Rule 59(e) motion addressing attorney's fees tolls the deadline to appeal a judgment when the district court denies the fee request in the judgment rather than in a post-judgment order. The estate then filed a motion for reconsideration arguing that the Supreme Court overruled *Penland*

---

[1] The City of Grosse Pointe Farms, Daniel Jensen, Jack Patterson, Andrew Rogers, Antonio Trupiano, Keith Colombo, Michael McCarthy, Richard A. Rosati, John Walko, Frank Zielinski, and Ricky Good.

[2] The estate also argues that the order denying the motion for reconsideration and motion to amend judgment is not appealable, but we need not address the argument because we find that the Farms Defendants timely appealed the judgment.

in *Budinich v. Becton Dickinson and Co.*, 486 U.S. 196 (1988). The motions panel denied the motion, explaining that *Penland* and *Budinich* are distinct.

Even after the estate's third rendition of the same argument, we see no reason to avoid the merits of this appeal. In *Budinich*, the Supreme Court held that a merits decision can be a final appealable order even if the parties are still litigating attorney's fees because attorney's fees are typically collateral to the merits. 486 U.S. at 199–202. Based on that holding, the estate argues that litigants cannot use Rule 59(e) to seek reconsideration of a request for attorney's fees because Rule 59(e) is about judgments and judgments are distinct from fees. That means the Farms Defendants filed the wrong type of motion. Thus, the deadline to appeal did not toll.

The estate's argument ignores that here the judgment incorporated the denial of fees. The Farms Defendants therefore could not seek their fees through the normal channels. Instead, they first needed the district court to amend the judgment so that they could then file a motion for fees. For that reason, the Farms Defendants—like the appellants in *Penland*—properly filed a Rule 59(e) motion. That motion then tolled the appeal deadline.

That brings us to whether the district court appropriately denied the request for attorney's fees. We review attorney's fees decisions for an abuse of discretion. *Paschal v. Flagstar Bank*, 297 F.3d 431, 433 (6th Cir. 2002) (citation omitted). A district court abuses its discretion by applying the wrong legal standard, misapplying the correct standard, or relying on clearly erroneous findings of fact. *Id.* at 434 (quotation omitted). Here, the district court applied no standard at all. It merely wrote: "[T]he Court finds Plaintiff's pursuit of this lawsuit meritorious and is therefore denying Defendants' requests for attorneys' fees and costs." The court did not even mention the authority for attorney's fees—let alone explain why the suit was meritorious and why that means the Farms Defendants could not recover their fees. When later denying

reconsideration, the district court faulted the Farms Defendants for requesting fees only in passing. But that is because the district court denied the fees request before the Farms Defendants could make a detailed argument after they won summary judgment. At bottom, the district court abused its discretion.

In sum, we vacate and remand the district court's decision to deny the Farms Defendants' request for attorney's fees.