**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Argued May 11, 2021

Decided May 14, 2021

Before

FRANK H. EASTERBROOK, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

| | |
|---|---|
| No. 20-1007<br><br>DAVID A. DEWAR,<br>    *Plaintiff-Appellant,*<br><br>*v.*<br><br>TIMOTHY J. FELMON, MICHAEL K. DEVINE,<br>and CHARLES J. LONG,<br>    *Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 16 C 2287<br>Virginia M. Kendall, *Judge.* |

**Order**

A member of the Hosty family called the police, asserting that neighbor David Dewar was about to attack William Hosty. When officers arrived, Hosty asserted that Dewar had threatened to "kick his ass" (or something similar) because of a dispute about the direction in which Hosty aimed the hood of his snow blower. Eventually Hosty signed a complaint charging Dewar with criminal assault—which Illinois law defines as "engag[ing] in conduct which places another in reasonable apprehension of receiving a battery", 720 ILCS 5/12-1(a)—and the police arrested Dewar. He was in custody for a few

hours, and a prosecutor soon dropped the charge. Dewar then sued the three officers (two on the scene, one at the stationhouse) who had played a role in the arrest.

The district judge concluded that Dewar had a federal claim for wrongful arrest, see 42 U.S.C. §1983, because Illinois case law makes proof of some kind of gesture, such as a shaken fist, essential to conviction for criminal assault, and the police did not have evidence that Dewar had done anything other than make verbal threats. See 2019 U.S. Dist. LEXIS 7578 (N.D. Ill. Jan. 16, 2019), at *10–14 (discussing Illinois law). But the judge dismissed a conspiracy claim under 42 U.S.C. §1985 and held that the evidence could not support an award of punitive damages. A jury found that Dewar did not suffer any actual injury but is entitled to $1 in nominal damages. The three officers have not appealed, but Dewar has done so.

He maintains that the court should have allowed the jury to consider his contention under §1985 that the defendants conspired to deprive him of his right to be free of an improper arrest. He does not explain, however, what §1985 adds to §1983 when all of the defendants are state actors. We have stated that §1985 is useful only when private parties and state actors are defendants in the same case. See, e.g., *Fairley v. Andrews*, 578 F.3d 518, 526 (7th Cir. 2009). Moreover, Dewar does not try to show how §1985 would enable him to avoid the jury's conclusion that he did not suffer any actual injury.

His contention that the judge should have allowed the jury to award punitive damages offers a way around the finding that he did not suffer injury, but we do not see any error in the judge's conclusion. Punitive damages depend on proof that the defendant has acted maliciously or with total disregard of the plaintiff's rights. As the district judge explained, the two officers on the scene investigated, listened to the parties, and arrested Dewar only after Hosty swore out a formal complaint. There's not the slightest indication that the officers were malicious toward Dewar or indifferent to anyone's rights. True, they made an error—apparently they relied on the statutory text rather than consulting state case law before making the arrest—but the federal law of arrest is objective. See, e.g., *Whren v. United States*, 517 U.S. 806, 812–16 (1996). When a federal judge holds that an arrest was unsupported by probable cause, this implies nothing about the officers' state of mind. Proof of malice must come from the plaintiff, who in civil litigation has the burden of persuasion. But Dewar did not provide any evidence of malice or indifference.

Dewar contends that the district judge should have awarded him more than she did in attorneys' fees and costs. Those subjects are not within our jurisdiction. The district court's judgment was entered on December 3, 2019, and Dewar filed a timely motion for a new trial under Fed. R. Civ. P. 50(b). The district court denied that motion

on January 2, 2020, and Dewar appealed the same day. On April 13, 2020, the district court entered an order denying Dewar's request for an award of attorneys' fees, and on August 31, 2020, the court awarded Dewar some but not all of the costs he requested. Dewar did not file a notice of appeal after either the April 13 order or the August 31 order. Yet the merits, awards of fees, and awards of costs are separate decisions, which are independently appealable. See *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196 (1988).

A notice of appeal from the judgment on the merits does not permit the court of appeals to resolve a controversy about costs or fees decisions made later. See, e.g., *Terket v. Lund*, 623 F.2d 29, 33 (7th Cir. 1980). Each award—merits, fees, and costs—starts its own period for appeal. If the court resolves all of these matters close in time, then one notice of appeal after the last of them may suffice. But an appeal timely with respect to one of these orders is not automatically timely with respect to the others. See, e.g., *Ray Haluch Gravel Co. v. Central Pension Fund*, 571 U.S. 177 (2014). Dewar's only notice of appeal precedes the orders resolving the disputes about fees and costs, so our jurisdiction is limited to the decision on the merits.

Dewar's other arguments have been considered but do not require discussion.

AFFIRMED