# UNITED STATES CxOURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 98-60389
_____

GULF COAST EMPLOYEE LEASING;
WAUSAU UNDERWRITERS INSURANCE
COMPANY,

Petitioners,

versus

GILBERT JACOBY, Director, OFFICE OF WORKER'S
COMPENSATION PRORAMS, U.S. DEPARTMENT OF LABOR,

Respondents.

_____

Petition for Review of an Order of the
Benefits Review Board
(94-2599)

_____
March 8, 2000

Before DAVIS, HALL,[1] and SMITH, Circuit Judges.

PER CURIAM:[2]

Appellants Gulf Coast Employee Leasing and Wausau Underwriters

Insurance Company appeal the Benefits Review Board's ("BRB's") award of legal

fees to Appellee Gilbert Jacoby under 33 U.S.C. § 928(b). Appellee prevailed on

some, but not all, of the issues considered by the administrative law judge ("ALJ"),

---

[1] Circuit Judge of the Ninth Circuit, sitting by designation.

[2] Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th CIR. R. 47.5.4.

and the ALJ's decision was automatically affirmed by the BRB. Appellee requested attorney's fees stemming from the appeal, claiming he was the prevailing party on appeal. After Appellants failed to file a response and the Fifth Circuit affirmed the BRB's decision, the BRB granted Appellee's request for fees. Appellant appealed, asserting that by that time the BRB lacked jurisdiction to award fees, and that Appellee was ineligible to recover fees because he was not the prevailing party. We affirm the BRB's award of fees.

Jurisdiction

Appellants argue that the BRB lost jurisdiction over the attorney's fees issue when Appellee filed its Petition for Review with the Fifth Circuit. That assertion is incorrect. A decision on the merits is final and reviewable by a federal appeals court even if the lower court has not yet decided whether to award a party attorney's fees. See Budinich v. Becton Dickinson & Co., 486 U.S. 196, 202-03 (1988). The BRB waited until the Fifth Circuit had ruled on the appeal before awarding attorney's fees to Appellee. That was the correct course of action, because only then could the BRB determine whether Appellee's appeal or Appellants' cross appeal had been successful. See 20 C.F.R. § 802.203(d); Newpark Shipbuilding & Repair, Inc. v. Roundtree, 698 F.2d 743, 747 (5th Cir. 1983) (noting that a lower court could retain jurisdiction over attorney's fees until after it has ruled on the merits because "at that point, the record would not yet contain the factual material needed to rule on the amount of the award."). The BRB thus retained jurisdiction to

2

award attorney's fees.

<u>Merits</u>

Appellants argue that the BRB should not have awarded Appellee attorney's fees because Appellee was "totally unsuccessful" in its appeal. In fact, the result of the appeal's automatic affirmance was a split decision – Appellee prevailed in defending against Appellants' cross appeal, and Appellants prevailed in defending against Appellee's appeal. The BRB awarded attorney's fees to Appellee because it believed that Appellee prevailed on the most important issue – the cross appeal. The BRB's conclusion was sound.

The leading case on this question is <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983). There, the Supreme Court explains what it means to be a "prevailing party" for the purpose of obtaining attorney's fees under 42 U.S.C. § 1988(b). The Court noted that "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." <u>Id</u>. at 435. Significantly, "excellent results" meant something less than prevailing on every issue. "In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." <u>Id</u>. The Supreme Court noted that "[t]here is no precise rule or formula for making these determinations" about whether a party has obtained "excellent results." <u>Id</u>. at 436. Rather, the district "court necessarily has discretion in making this equitable judgment." <u>Id</u>. at 437.

The fees provision at issue here, 33 U.S.C. § 928(b), similarly mandates the

3

award of attorney's fees to a claimant who is "successful in review proceedings before the Board." The courts have interpreted § 928 to provide "an incentive for employers to pay claims rather than contest them. That incentive consists of assessing attorney's fees against the employer when the employer denies a legitimate claim and the employee uses the services of an attorney to obtain his statutory benefits." Oilfield Safety & Machine Co. v. Harman Unlimited, Inc., 625 F.2d 1248, 1257 (5th Cir. 1980). Here, had Appellants declined to cross-appeal below, they would not have incurred the costs resulting from the appeal. But because they chose to cross-appeal, they ran the risk of incurring liability for such costs.

The record contains plenty of evidence to support the BRB's determination that Appellee had prevailed sufficiently on appeal to recover full costs. The ALJ in this case, in awarding Appellee attorney's fees, noted that "Employer/Carrier contested Mr. Jacoby's claim on almost every position. . . . [and] that the Claimant prevailed to some extent on every issue other than his entitlement to permanent total disability." These results were automatically affirmed at the BRB level, meaning that after appeal, Appellee continued to prevail on most of the issues. Appellants had argued that no benefits were due, but in the end Appellants were forced to pay rather substantial benefits to Appellee. The BRB's implicit characterization of Appellee's appeal as "successful" was therefore appropriate, and the outcome warranted a complete award of attorney's fees to the prevailing party.

4

For the foregoing reasons we AFFIRM the judgment of the BRB.