**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 17 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

       Plaintiff-Appellee,

v.

STEVE J. BEYRLE; JOYCE A.
BEYRLE,

       Defendants-Appellants,

THE HALSTEAD BANK,

       Defendant-Appellee,

   and

NICK ORTH JR., FAMILY TRUST
ESTATE; SECURITY PACIFIC
FINANCIAL SERVICES, INC.,
now known as CC Financial Services,
Inc.; COMMERCIAL FEDERAL
MORTGAGE CORPORATION;
STATE OF KANSAS,
DEPARTMENT OF REVENUE,

       Defendants,

KEVIN SEILER; CINDY SEILER,

       Movants-Appellees.

No. 02-3424
(D.C. No. 00-CV-1492-JTM)
(D. Kan.)

## ORDER AND JUDGMENT [*]

Before **EBEL**, **PORFILIO**, and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Defendants-appellants Steven and Joyce Beyrle, appearing *pro se*, appeal the district court's entry of a foreclosure judgment, order of sale, and order confirming the Marshal's sale of their real property.  We affirm.

In May 1988, the Beyrles assumed a $45,000 debt to the Farmers Home Administration, which is now called the Farm Service Agency (FSA).  Their obligation was secured by mortgages on two tracts of land in Kansas.  In November 1991, the Beyrles filed for Chapter 13 bankruptcy relief.  The United States, as holder of the debt and mortgages, filed a proof of claim for $56,514.87 in unpaid principal and interest.  The ensuing Chapter 13 Plan and Amendments

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

provided that the Beyrles would repay the full amount with interest over a period of three years, and that the debt would survive their bankruptcy discharge. *See* R., doc. 39, Ex. A.

The Beyrles failed to make the required payments. In November 2000, the United States brought this action to reduce the debt to judgment; to have other interests in the land declared junior in priority; and to foreclose on the mortgages securing the debt. On January 3, 2002, after the Beyrles failed to respond to the United States' summary judgment motion, the district court granted the government judgment in rem.

On January 7, 2002, the magistrate judge assigned to the case filed her final pretrial order, describing the government's summary judgment motion as still pending and stating that the parties would pursue mediation after the dispositive motion was decided. On January 14, 2002, the district court entered a judgment of foreclosure against the Beyrles, reducing the debt to judgment and ordering the properties sold. The Beyrles admit they received notice of the foreclosure judgment, *id.*, doc. 59 at 2, but they did not file any motions challenging its entry.

On February 1, 2002, the United States filed a motion for an order of sale. On February 4, 2002, the district court issued an order of sale for the real property. On February 7, 2002, the Beyrles filed a response to the government's motion for an order of sale, arguing that the properties should not be sold because

(1) the legal descriptions of the properties were incorrect; (2) based on the pretrial conference, a mediator was to be employed to settle the matter; (3) they were denied due process because they were discriminated against in the loan process and no attorney would represent them; (4) the FSA would have accepted a different arrangement to settle the debt; and (5) the amount of the judgment was incorrect. *Id.*, doc. 47.

On March 14, 2002, the subject properties were sold at a Marshal's sale to the Seilers, who are parties to this appeal. On July 8, 2002, the government filed a motion for an order confirming the sale, which was granted on July 9, 2002. On July 11, the Beyrles filed an objection to the government's motion through counsel, which was amended on July 17, 2002. The Beyrles argued that the sale should not be confirmed (1) because the foreclosure judgment contravened the magistrate judge's pretrial order referring the case to mediation; (2) because the district court issued the order of sale in less than the time allotted by local rules for a response and without considering their objections to the government's motion; (3) because they were not served with a copy of the notice of Marshal's sale; and (4) because these alleged errors deprived them of the opportunity to satisfy the judgment and prevent the sale. *Id.,* doc. 59. The Beyrles also filed a motion to set aside the sale confirmation on July 17, 2002.

On October 4, 2002, the district court denied the motion to set aside its order confirming the sale. The court held that none of the Beyrle's objections justified setting aside the sale because (1) mediation was not required after the district court granted the dispositive summary judgment motion in favor of the United States; (2) the court previously rejected their objections to the order of sale, which, in any event, were without merit; and (3) notice by publication was all that was required to satisfy 28 U.S.C. § 2002.

On December 3, 2002, the Beyrles filed a notice of appeal, appearing *pro se*. The Beyrles sought to challenge the foreclosure judgment entered on January 14, 2002, and the "order confirming the Marshal Sale on February 4, 2002." R., doc. 69 at 1. The body of the notice of appeal argued that the foreclosure judgment should not have been entered because of the magistrate judge's mediation order; that the order of sale should not have been issued without giving the Beyrles the allotted time to respond; that they were not served with a notice of the Marshal's sale; and that the FSA should have given them a beginning farm loan and did not give them credit for their payments. The Beyrles alleged that this course of events denied them due process.

In their brief, the Beyrles argue that the FSA should have given them credit for prior payments and should have charged less interest; that the foreclosure judgment contravened the magistrate judge's mediation order; that

they were not given the allotted response time before the order of sale was entered; and that they were not given proper notification of the Marshal's sale. The United States moved for partial dismissal of the appeal for lack of jurisdiction, arguing that the Beyrles' notice of appeal was untimely as to the foreclosure judgment and the order of sale. We must determine our jurisdiction before considering an appeal on its merits. *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203 (1988) (holding the filing of a timely notice of appeal is mandatory and jurisdictional); *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 (1981) (holding that once an appellate court determines it lacks jurisdiction, the court may not review the merits of an appeal).

Federal Rule of Appellate Procedure 4 requires, in cases involving the United States, that a notice of appeal be filed within sixty days after entry of the final judgment or order from which the appeal is taken. *See* Fed. R. App. P. 4(a)(1)(B). Applying this rule, it is clear that we lack appellate jurisdiction over the district court's foreclosure judgment, which was entered on January 14, 2002. The judgment was final, as it left nothing to be determined, and its entry satisfied the requirements of Rule 58 of the Federal Rules of Civil Procedure. Therefore, we will not address the Beyrles' arguments regarding the merits of the judgment, including whether the court took their prior payments into account, and whether they were entitled to a different interest rate.

With regard to the February 4, 2002 order of sale, because the Beyrles'
objection was filed within ten days of the order, it is construed as a motion to
alter or amend under Fed. R. Civ. P. 59, which tolled the time in which to file an
appeal. *See Trotter v. Regents of Univ. of N.M.*, 219 F.3d 1179, 1183 (10th Cir.
2000). Although the district court alluded to a prior ruling on the Beyrles'
objections in its October 4, 2002 order, the docket sheet does not show such a
ruling. Instead, it appears the district court first denied the Beyrles' objections to
the order of sale in its October 4 order, making the Beyrles' appeal of that denial
timely. *See id.* Further, although the Beyrles' pro se notice of appeal did not
identify the court's October 4 order by date, their designation of the "order
confirming the Marshal's Sale" and the arguments in the body of the notice of
appeal were sufficient to alert the government that the Beyrles were challenging
the district court's refusal to set aside its confirmation of the Marshal's sale.

We review the district court's denial of the motion to alter or amend the
order of sale for an abuse of discretion. *See Computerized Thermal Imaging, Inc.
v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002). We also review
the court's refusal to set aside its confirmation of the foreclosure sale under the
abuse of discretion standard. *See Golfland Entm't. Ctrs., Inc. v. Peak Inv., Inc.
(In re BCD Corp.)*, 119 F.3d 852, 860 (10th Cir. 1997).

A confirmed sale may be set aside for "fraud, accident, mistake, or any other cause for which equity would avoid a like sale between private parties." *Id.* (quotation omitted). Here, we conclude the district court did not abuse its discretion in refusing to alter or amend the order of sale, or in denying the Beyrles' motion to set aside the sale confirmation.

The district court correctly ruled that the magistrate judge's pretrial order regarding mediation applied only if the district court did not grant the government's summary judgment motion. A pretrial order organizes the case for trial, and its provisions, such as a designation of witnesses, no longer apply if the district court disposes of the case prior to trial. Here, once the district court granted judgment in favor of the United States, there was nothing left to mediate.

The district court also correctly ruled that even if the Beyrles should have been afforded the full response period in February 2002, the error was harmless because their objections to the order of sale were without merit. The Beyrles' objections to the order of sale actually went to the validity of the foreclosure judgment entered in January 2002. Because the Beyrles did not appeal the judgment when it was entered against them, they waived their objections, and they could not resurrect their opportunity to challenge the foreclosure judgment by objecting to the order of sale. *Cf. Hutchinson v. Pfeil*, 211 F.3d 515, 519 (10th

Cir. 2000) (disapproving of appellant's attempt to circumvent consequences of failure to timely appeal final order).

The Beyrles also were not entitled to personal notice of the Marshal's sale. The prevailing statute is satisfied with notice by publication. *See* 28 U.S.C. § 2002 (requiring notice by publication for four weeks in newspaper covering county, state, or judicial district where property is situated). As in *United States v. N.M. Landscaping, Inc.*, 785 F.2d 843, 848-49 (10th Cir. 1986), so long as notice by publication was all that the law required, the fact that the Beyrles were not personally notified did not warrant setting aside the sale.

The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Michael W. McConnell
Circuit Judge