Isaac CHACKO, Plaintiff–Appellant,

v.

DYNAIR SERVICES, INC., Defendant–Appellee.

No. 02–9424.

United States Court of Appeals, Second Circuit.

Oct. 28, 2004.

David Simon (Laryssa C. Kachmar, on the brief) Kirkpatrick & Lockhart, LLP, New York, NY, for Plaintiff–Appellant.

Katherine B. Posner (J. Gregory Lahr, on the brief) Condon & Forsyth LLP, New York, NY, for Defendant–Appellee.

PRESENT: STRAUB, POOLER, and WESLEY, Circuit Judges.

## SUMMARY ORDER

## CORRECTED SUMMARY ORDER

Plaintiff–Appellant, Isaac Chacko ("Chacko") filed a Title VII case against his former employer, Dynair Services, Inc. ("Dynair") in the United States District Court for the Eastern District of New York in May, 1996. The District Court held a bench trial on August 22 and 23 of 2002, and issued its "Findings of Fact, Conclusions of Law, and Judgment for Defendant" on October 7, 2002. The decretal paragraph of that judgment read: "The clerk of court shall enter judgment in favor of defendant Dynair Services and against plaintiff Isaac Chacko, with costs assessed to plaintiff." When the Clerk of Court entered and docketed the judgment on October 8, 2002, he reversed the winning and losing parties, and recorded the judgment as:

> DECISION BY THE COURT. The issues having been tried before the Honorable Charles R. Wolle, U.S. District Judge sitting by designation, and the court having rendered its decision on October 7th, 2002 *in favor of the plaintiff and against the defendant;* it is hereby

> ORDERED AND ADJUDGED that plaintiff recover nothing of the defendant, and that costs be assessed to plaintiff.

*Chacko v. Dynair Services, Inc.,* No. CV–96–2220 (E.D.N.Y. Oct. 8, 2002) (emphasis added). The Docket entry was similarly flawed:

> JUDGMENT for Isaac Chacko against Dynair Services Inc. Costs are to be assessed by Plaintiff.

At some point thereafter, counsel for Dynair contacted the clerk's office by phone to alert it of the erroneous recording of the judgment. On October 17, 2002, Dynair sent a letter to the clerk's office stating that "there is an error on the Judgment dated October 8, 2002 ... it should read that the decision is in favor of defendant." The October 8, 2002 judgment was corrected and entered on October 18, 2002. The corrected judgment was sent to Chacko's attorney of record, but was returned as undeliverable. Chacko asserts that he did not receive the corrected judgment until November 8th.

Chacko filed a notice of appeal on November 12, 2002. On January 7, 2003, Dynair moved to dismiss the appeal as untimely, arguing that the thirty-day period for filing an appeal under Federal Rule of Appellate Procedure 4 ran from the entry of the first judgment on October 8, 2002, and that the period had expired on November 7, 2002. This court issued an order on February 20, 2003 appointing counsel for Chacko and requesting briefing on the question of whether the court had jurisdiction to hear Chacko's appeal.

"[T]he taking of an appeal within the prescribed time is mandatory and jurisdictional." *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 203, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988). Generally, a notice of appeal must be filed within 30 days of the entry of the judgment or order appealed from. Fed. R.App. P. 4(a)(1)(A). Pursuant to Rule 4(a)(4), however, motions timely filed under certain of the Federal Rules of Civil Procedure extend the time for filing an appeal until the "entry of the order disposing of the last such remaining motion." Among those motions that extend the time for filing an appeal is a

motion "for relief under Rule 60 if the motion is filed no later than 10 days after the judgment is entered." Fed. R.App. P. 4(a)(4)(A)(vi). Rule 60 is divided into subparts (a) and (b). Rule 60(a) provides the mechanism by which "[c]lerical mistakes in judgments, orders ... arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party," Fed.R.Civ.P. 60(a), whereas Rule 60(b) permits the court to "relieve a party ... from a final judgment, order or proceeding" for more substantive reasons such as mistake, inadvertence, surprise, or excusable neglect, newly discovered evidence, fraud, misrepresentation, or other misconduct of an adverse party, a void judgment, the satisfaction of the judgment, or "any other reason justifying relief from the operation of the judgment," Fed.R.Civ.P. 60(b).

The parties dispute whether the corrected judgment worked a substantive change in the initial judgment. Generally, if a corrected judgment merely makes a clerical adjustment to the initial judgment in order to conform it to the original directive of the court, then the time for filing a notice of appeal begins from the entry of the initial judgment. *See FTC v. Minneapolis–Honeywell Regulator Co.,* 344 U.S. 206, 210–11, 73 S.Ct. 245, 97 L.Ed. 245 (1952); *accord Carroll v. United States,* 339 F.3d 61, 71–72 (2d Cir.2003). If, however, the corrected judgment works a substantive change in the rights of the parties then the date on which the corrected judgment is entered is the relevant date. *Honeywell,* 344 U.S. at 210–11, 73 S.Ct. 245.

We need not decide this dispute because in either case the appeal was timely. If we construe the corrected judgment to have worked a substantive change in the rights of the parties, then, under *Honeywell,* the time period in which to file an appeal would have commenced upon the entry of the corrected judgment on October 18, 2002, rendering Chacko's notice of appeal filed on November 12, 2002, timely.

If, on the other hand, we construe the corrected judgment to have made clerical adjustments to the October 8, 2002 judgment, then our decision in *Hodge v. Hodge,* 269 F.3d 155 (2d Cir.2001) (per curiam) compels the conclusion that Dynair's October 17, 2002 letter to the Clerk of Court constituted a motion made under Federal Rule of Civil Procedure 60(a). *Id.* at 158 (letter from plaintiff's counsel to Clerk of Court to amend judgment to reflect defendant's correct name was "clearly a motion under Rule 60(a)"). This motion was made within ten days after the judgment was entered, thus, pursuant to Rule 4(a)(4), the thirty-day period for filing the notice of appeal began to run from October 18, 2002, the day the Rule 60(a) motion was "disposed of" by the entry of the corrected judgment. *See Dudley v. Penn–America Ins. Co.,* 313 F.3d 662, 666 (2d Cir.2002) (motions made under Fed.R.Civ.P. 60(a) "reset the time within which to appeal"). Because Chacko filed his notice of appeal on November 12, 2002, six days before the thirty-day period expired, his appeal was timely.

Under either analysis, therefore, we conclude that Chacko's appeal was timely filed.

We have considered all of Dynair's arguments in support of its motion to dismiss the appeal and find them to be without merit. For the forgoing reasons, Dynair's motion to dismiss Chacko's appeal as untimely is hereby DENIED. Pursuant to our May 3, 2004 Order, a new scheduling order shall be issued forthwith and the appeal shall proceed *pro se.*