Isaac CHACKO, Plaintiff–Appellant,

v.

DYNAIR SERVICES, INC., Defendant–Appellee.

No. 02–9424–cv.

United States Court of Appeals, Second Circuit.

April 7, 2008.

Isaac Chacko, pro se, Bayside, NY, for Plaintiff–Appellant.

J. Gregory Lahr, Sedgwick, Detert, Moran & Arnold LLP, New York, NY, for Defendant–Appellee.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. CHESTER J. STRAUB and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Isaac Chacko, proceeding *pro se,* appeals from a judgment,

entered on October 8, 2002 and corrected on October 18, 2002, of the United States District Court for the Eastern District of New York (Charles R. Wolle, *Judge*) in favor of Defendant–Appellee DynAir Services, Inc. ("DynAir"), and against Chacko, following a bench trial on Chacko's employment discrimination claims.[1] We assume the parties' familiarity with the procedural history, facts, and relevant issues on appeal.

"A finding of discrimination is a finding of fact, as are findings of discriminatory intent, and causation." *Cifra v. G.E. Co.*, 252 F.3d 205, 213 (2d Cir.2001) (internal citations omitted). Whether a work environment is sufficiently hostile to violate Title VII is a question of fact, *see Schiano v. Quality Payroll Sys., Inc.*, 445 F.3d 597, 600 (2d Cir.2006), as is the question of whether plaintiff met his burden of proof of a prima facie case of retaliation, *see Manoharan v. Columbia Univ. Coll. of Physicians & Surgeons*, 842 F.2d 590, 594 (2d Cir.1988).

"Findings of fact, whether based on oral or other evidence, must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility." Fed.R.Civ.P. 52(a)(6). "The decisions as to whose testimony to credit and which of permissible inferences to draw are solely within the province of the trier of fact, and where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Cifra*, 252 F.3d at 213 (internal quotation marks omitted). "But, when a district court makes findings of fact predicated upon an incorrect legal standard such findings are not binding on an appellate court." *Weissmann v. Free-*

*man,* 868 F.2d 1313, 1317 (2d Cir.), *cert. denied,* 493 U.S. 883, 110 S.Ct. 219, 107 L.Ed.2d 172 (1989).

■ The District Court properly determined that Chacko failed to prove that he applied for a specific promotion. The conclusion that this scuttled Chacko's discriminatory failure to promote claim is legally correct. *See Petrosino v. Bell Atlantic,* 385 F.3d 210, 226–27 (2d Cir.2004) ("[T]he second element of a *prima facie* case cannot be established merely with evidence that a plaintiff generally requested promotion consideration."). In addition, Chacko did not establish that he was entitled to the "narrow" exception to the specific application requirement. *See id.* at 227.

■ The District Court's determination that Chacko failed to prove a sufficiently hostile work environment is a permissible view of the evidence supported by the law. *See Schiano,* 445 F.3d at 604–05 (explaining factors, including frequency and severity of discriminatory conduct, to guide factfinder's determination of whether a hostile work environment exists). We cannot say that the District Court clearly erred in determining that the use of slurs was infrequent and that Chacko failed to prove sufficiently severe or pervasive misconduct.

■ The District Court properly determined that Chacko failed to prove that DynAir retaliated against him. The District Court's determination that Chacko did not complain to DynAir about any slurs is not clearly erroneous. Chacko argues, as his trial counsel did, that he questioned supervisors regarding the company's "promotional policy" and that "[r]ight from this moment" the retaliation against him commenced. The District

---

1. We previously held that Chacko's appeal was timely filed. *See Chacko v. Dynair Servs.,* *Inc.,* 115 Fed.Appx. 477 (2d Cir.2004).

Court determined that during his employment "Chacko did not report to a superior any discriminatory conduct." The record reflects that although Chacko asked about the promotion policy, he did not suggest that he was complaining about discrimination. Nor could DynAir reasonably have understood that Chacko's questions about promotions were directed at conduct prohibited by Title VII. *See Galdieri–Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 292 (2d Cir.1998) ("[I]mplicit in the requirement that the employer have been aware of the protected activity is the requirement that it understood, or could reasonably have understood, that the plaintiff's opposition was directed at conduct prohibited by Title VII."). Accordingly, the District Court did not err in finding that Chacko failed to prove retaliation in violation of Title VII.[2]

To the extent Chacko seeks to supplement the record with evidence not presented at the bench trial, we decline to consider this evidence. *See Leibowitz v. Cornell Univ.*, 445 F.3d 586, 592 n. 4 (2d Cir.2006) (per curiam); *Int'l Bus. Mach. Corp. v. Edelstein*, 526 F.2d 37, 45 (2d Cir.1975) (per curiam).

We have considered all of Chacko's arguments and find them to be without merit.

Accordingly, the judgment of the district court is AFFIRMED.

---

2. The allusion to discrimination in Chacko's December 19, 1990 letter to George Hogan, which neither Chacko nor his trial counsel has invoked as a basis for his retaliation claim, does not alter this conclusion. The only challenged action DynAir took subsequent to this letter was to alert Chacko that "[d]uring the past five months [he has] missed an excessive amount of time" and direct him to improve his attendance. Applying the standard articulated by the Supreme Court during the pendency of this appeal, we find that under the circumstances this action would not "have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 2415, 165 L.Ed.2d 345 (2006) (internal quotation marks omitted).