U.S. PHILIPS CORPORATION,
Plaintiff–Appellee,

v.

KXD TECHNOLOGY, INC., Defendant,

and

Astar Electronics, Inc., Shenzhen Kaixinda Electronics Co., Ltd., Shenzhen KXD Multimedia Co., Ltd., KXD Digital Entertainment Ltd. (formerly known as KX Electronics Pte. Ltd.), and Jingyi Luo (also known as James Luo), Defendants–Appellants.

No. 2008–1316.

United States Court of Appeals,
Federal Circuit.

June 20, 2008.

Anton N. Handal, Principal Attorney, Handal & Associates, San Diego, CA, for Defendants–Appellants.

Frank A. Decosta, III, Principal Attorney, Joyce Craig, of Counsel Attorney, Finnegan, Henderson, Farabow, Washington, DC, for Plaintiff–Appellee.

Before MAYER, SCHALL, and LINN, Circuit Judges.

## ON MOTION

LINN, Circuit Judge.

### ORDER

U.S. Philips Corporation (Philips) moves to dismiss this appeal as untimely. Astar Electronics, Inc., Shenzhen Kaixinda Electronics Co., Ltd., Shenzhen KXD Multimedia Co., Ltd., KXD Digital Entertainment Ltd., and Jingyi Luo (the Defendants) oppose. Philips replies.

Philips brought suit against the Defendants for patent infringement. On September 17, 2007, the district court issued an injunction and entered a default judgment against the Defendants for repeated violations of court orders, discovery rules and procedures. That same day, the district court issued an order determining that Philips was entitled to attorney fees pursuant to 35 U.S.C. § 285 but denied the motion without prejudice because Philips had failed to submit the requisite documentation to quantify the fees. The court allowed Philips another attempt to submit the necessary documentation. However, after failing to meet the court's request, Philips' motion for attorney fees was deemed waived by the district court on December 26, 2007.

On January 10, 2008, the Defendants filed a notice of appeal, seeking review by the United States Court of Appeals for the Ninth Circuit of the court's September 17, 2007, 2007 WL 4984150, judgment order. On February 5, 2008, Philips submitted a motion to dismiss the appeal for lack of jurisdiction on the ground that it was untimely. The Defendants submitted a response in opposition to dismissal and also moved to transfer the matter to this court. On April 18, 2008, the Ninth Circuit transferred the appeal and the motion to dismiss. We now grant the motion to dismiss for lack of jurisdiction.

In an appeal from a district court decision, a notice of appeal must be filed within 30 days of entry of the judgment or order that is subject of the appeal. *See* Fed. R.App. P. 4(a)(1)(A). "(T)he timely filing of a notice of appeal is a jurisdictional requirement." *Bowles v. Russell,* 551 U.S. 205, 127 S.Ct. 2360, 2366, 168 L.Ed.2d 96 (2007). If the appeal is untimely, we must dismiss for lack of jurisdiction. The requirement cannot be waived and we cannot toll it on equitable grounds. *Bowles,* 127 S.Ct. at 2366 ("Because this court has no authority to create equitable exceptions to jurisdictional requirements, use of the 'unique circumstances' doctrine is illegitimate").

Here, the Defendants filed their notice appeal three months and twenty-four days from the date of the district court's entry of judgment. The Defendant's argue that entry of default judgment was not final and appealable until December 26, 2007, the date Philips' motion for attorney fees was finally disallowed. However, the United States Supreme Court's bright-line

test in *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202–03, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988) is clearly dispositive with respect to the finality of the district court's September 17, 2007 judgment order. For purposes of finality and appeal, the Supreme Court held, "a claim for attorney fees is not part of the merits of the action to which the fees pertain." *Id.* at 200, 108 S.Ct. 1717. Because all issues concerning the merits of the case were resolved by the September 17, 2007 order, that order was final and appealable and triggered the time for appeal. *See Ecolab, Inc. v. Paraclipse, Inc.*, 285 F.3d 1362, 1368 n. 3 (Fed.Cir.2002) (pending motion for attorney fees does not render a judgment nonfinal). Thus, the Defendant's appeal was untimely.

Accordingly,

IT IS ORDERED THAT:

(1) Philips' motion is granted. The appeal is dismissed.

(2) Each side shall bear its own costs.