NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2036
_____

CHARLES FROSS; M. DOE; D. DOE;
SHAWN CZERWIEN; CHARLES METER;
CHRISTOPHER HAIGH
v.

COUNTY OF ALLEGHENY,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 2-08-cv-01405)
Honorable Gary L. Lancaster, District Judge

_____

Argued December 16, 2009

BEFORE: SLOVITER, JORDAN, and GREENBERG, Circuit Judges

(Filed: July 19, 2011)
_____

Donald Driscoll (argued)
PA Institutional Law Project
1705 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA 15219

Witold J. Walczak
American Civil Liberties Union of Pennsylvania
313 Atwood Street
Pittsburgh, PA 15213

Edwin J. Strassburger
Strassburger, McKenna, Gulnick & Gefsky

Suite 2200, Four Gateway Center
444 Liberty Avenue
Pittsburgh, PA 15222

  Attorneys for Appellees

George M. Janocsko
Assistant County Solicitor
Caroline P. Libenguth
Assistant County Solicitor
Craig E. Maravich (argued)
Assistant County Solicitor
Michael H. Wojcik
County Solicitor
Office of Allegheny County
Law Department
445 Fort Pitt Boulevard
300 Fort Pitt Commons Building
Pittsburgh, PA 15219

  Attorneys for Appellant

Andrew A. Chirls
Matthew A. Fry
Haines & Associates
1835 Market Street
Suite 2420
Philadelphia, PA 19103

  Attorneys for Amicus
  Curiae Association for The
  Treatment of Sexual Abusers

_____

OPINION OF THE COURT
_____

GREENBERG, Circuit Judge.

## I.  INTRODUCTION

This matter comes on before this Court on an appeal brought by Allegheny County, Pennsylvania, from an order entered in the District Court on March 20, 2009, granting summary judgment to the six appellees, each of whom had been convicted of committing a sex offense requiring registration as a sex offender under Pennsylvania's Megan's Law, in this action in which appellees challenged the validity of Allegheny County Ordinance, No. 39-07-OR, entitled "Residence Requirements, Registered Sex Offenders," on various federal grounds and the state law ground that Pennsylvania law preempts the ordinance. The ordinance limits the places where sex offenders can reside within the County by precluding them from residing within 2,500 feet of child care facilities, community centers, public parks, recreation facilities, or schools. The District Court held that the ordinance conflicts with Pennsylvania statutory law establishing a statewide system for supervising sex offenders following their release from prison. Thus, the Court held that state law preempted the ordinance and it did not decide the federal questions. Fross v. County of Allegheny, 612 F. Supp. 2d 651 (W.D. Pa. 2009). Consequently, under the District Court's opinion and order, the ordinance is not enforceable.

Following the entry of the summary judgment, the County advised appellees that it intended to appeal. Consequently, appellees sought and obtained an order on April 2, 2009, from the District Court permitting it to file an application for counsel fees and costs

within 30 days of the exhaustion of all appeals.[1]  The County then appealed.  The District Court had jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1367 and we have jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review of the District Court's order, see Santos ex rel. Beato v. United States, 559 F.3d 189, 193 (3d Cir. 2009), subject, however, to the binding effect of the opinion of the Supreme Court of Pennsylvania that we describe below.

After having read the briefs and submissions of the parties, considering their oral arguments, and reviewing applicable Pennsylvania law, we concluded that the appeal raised important and unresolved questions of the enforceability of county and local ordinances restricting the places at which sex offenders may reside within jurisdictions adopting such ordinances.  We also concluded that the case, though dealing with an ordinance effective in only one county, was of state-wide importance inasmuch as other counties and municipalities might adopt similar ordinances, particularly if the County prevailed on this appeal.  Furthermore, we concluded that even though we had jurisdiction to decide the appeal, we could not issue an opinion that would be binding on courts throughout Pennsylvania but that it was important that such an opinion be rendered.  We recognized, however, that the Supreme Court of Pennsylvania could issue an opinion that would be binding on a state-wide basis.  Accordingly, we certified the question of whether Pennsylvania law preempts the ordinance to the Supreme Court of

---

[1]That order did not affect the finality of the order of March 20, 2009, for appeal purposes.

4

Pennsylvania pursuant to the certification procedure outlined in this Court's Local Appellate Rule Misc. 110 and Internal Operating Procedure 10.9 and the Supreme Court of Pennsylvania's Internal Operating Procedure Rule 10 and requested that the Supreme Court of Pennsylvania grant the petition for certification. In particular, we certified the question to the Supreme Court in the following form:

> Is Allegheny County Ordinance No. 39-07-01 entitled 'Residence Requirements; Registered Sex Offenders' preempted by Pennsylvania statutory law and the procedures of the Pennsylvania Board of Probation and Parole?

At that time, notwithstanding the certification, we retained jurisdiction of the appeal pending resolution of our petition. On June 3, 2010, the Supreme Court granted the petition for certification and thus we have continued to retain jurisdiction over the appeal without deciding it.

On May 25, 2011, the Supreme Court of Pennsylvania answered the certified question in an opinion which, after a comprehensive review of Pennsylvania law, concluded as follows:

> The County's legislative effort in this instance undermines the General Assembly's policies of rehabilitation, reintegration, and diversion from prison of appropriate offenders, and significantly interferes with the operation of the Sentencing and Parole Codes. For these reasons, we agree with the federal district court that the County's Ordinance stands as an obstacle to accomplishing the full purposes [and] objectives of the General Assembly and is, therefore, preempted.

Fross v. County of Allegheny, 20 A.3d 1193, ____ (Pa. 2011).

---

See Budinich v. Becton Dickinson & Co., 486 U.S. 196, 108 S.Ct. 1717 (1988).

When we received the Supreme Court opinion our Clerk directed the parties to file letter briefs commenting on the effect of the Supreme Court's decision. The parties have filed those briefs and are in agreement that the Supreme Court's decision should lead us to affirm the District Court's decision and order of March 20, 2009, and we agree with them on this point. Furthermore, the parties agree that we can remand the issue of appellees' request for attorneys' fees and costs for the proceedings in the District Court to that Court for resolution, though appellees contend that alternatively we could retain jurisdiction over the attorneys' fees and costs issue and decide it ourselves. We reject appellees' alternative suggestion because the District Court is more familiar than are we with the proceedings in that Court and thus it should pass on the attorneys' fees and cost issues in the proceedings before it.

For the foregoing reasons we will affirm the order of March 20, 2009, and will remand the case to the District Court for resolution of the attorneys' fees and costs issues for the proceedings in that Court. We, however, will tax costs against the County in this Court.