**Stephen Brett RYALS, Plaintiff–Appellee,**

v.

**CITY OF ENGLEWOOD, Defendant–Appellant.**

**Colorado Municipal League; Association for The Treatment of Sexual Abusers; Colorado Coalition Against Sexual Assault, Amici Curiae.**

**No. 13–1369.**

United States Court of Appeals, Tenth Circuit.

March 24, 2014.

---

i. Any person who has been found to be a sexually violent predator pursuant to 18–3–414.5 C.R.S.; or

ii. Any person required to register under the Colorado Sex Offender Registration Act, C.R.S. Section 16–22–101, et seq. who has been:

    a. Convicted of a felony for an offense requiring registration; or

    b. Has multiple convictions for offenses requiring registration; or

    c. Whose offense(s) requiring registration involved multiple victims

to establish a permanent residence or temporary residence within two thousand feet (2,000′) of any school, park, or playground or within one thousand feet (1,000′) of any licensed day care center, recreation center or swimming pool (other than pools located at private, single-family residences), or any property located adjacent to any designated public or private school bus stop, walk-to-school route, or recreational trail.

*Id.* § 7–3–3(A).

At issue is the validity of Ordinance 34. In a suit brought by a sex offender challenging Ordinance 34, the district court ruled that Ordinance 34 is preempted by Colorado law. *Ryals v. City of Englewood,* No. 12–CV–02178–RBJ, 2013 WL 4478676, at *1 (D.Colo. Aug. 21, 2013). The City of Englewood appealed.

Because the disposition of this appeal turns on an important and unsettled question of Colorado law, we respectfully request the Colorado Supreme Court exercise its discretion to accept the following certified question in accordance with Tenth Circuit Rule 27.1 and Colorado Appellate Rule 21.1:

Hetal Janak Doshi, Shelby Lynne Myers, Faegre Baker Daniels, Sara J. Rich, Mark Silverstein, American Civil Liberties Union of Colorado, Denver, CO, Jennifer Lee Sullivan, Daniel David Williams, Faegre Baker Daniels, Boulder, CO, for Plaintiff–Appellee.

Gillian Marie Fahlsing, Monica Kovaci, Thomas Sullivan Rice, Esq., Senter Goldfarb & Rice, Denver, CO, for Defendant–Appellant.

Rachel Lee Allen, Colorado Municipal League, Denver, CO, for Amici Curiae.

Before BRISCOE, Chief Judge, HOLLOWAY and MATHESON, Circuit Judges.

## ORDER CERTIFYING QUESTION TO COLORADO SUPREME COURT *

MARY BECK BRISCOE, Chief Judge.

This case concerns City of Englewood Ordinance 34, which restricts where certain sex offenders may reside. *See* Englewood, Colo., Code of Ordinances 06–34, §§ 7–3–1 to –5 ("Englewood Code"). Ordinance 34 makes it unlawful for

---

* This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

Is City of Englewood Ordinance 34 preempted by Colorado law?

## I. Background

Stephen Brett Ryals is a convicted sex offender who is required to register under the Colorado Sex Offender Registration Act. *See* C.R.S. §§ 16–22–101 to –115. Because he was discharged from parole in October 2004, Ryals will be eligible to petition to discontinue registration in October 2014. *See id.* § 16–22–113.

On April 3, 2012, Ryals purchased a house in Englewood, Colorado. Later that month, Ryals telephoned the Englewood Police Department concerning the process of registering as a sex offender at his new residence. Detective Janellee Ball informed Ryals that he could not live in Englewood due to his felony sex offense. Undeterred, Ryals went to the police department the next day to register at his new residence. Upon registering on May 1, 2012, Ryals was cited for violating Ordinance 34. The criminal case based on that citation was stayed pending his action challenging the validity of Ordinance 34.

In the district court, Ryals asserted various claims seeking declaratory and injunctive relief. Only one claim is relevant here: Ryals' claim that Ordinance 34 is preempted by Colorado law under Article XX, section 6 of the Colorado Constitution. The district court found (1) that the regulation of sex offender residency is a matter of mixed state and local concern, and (2) that Ordinance 34 conflicts with Colorado law. Therefore, the district court held that Colorado law preempts Ordinance 34.

## II. Discussion

"Article XX, section 6 of the Colorado Constitution grants municipalities 'home-rule' authority to create or amend charters to govern local and municipal matters." *Webb v. City of Black Hawk*, 295 P.3d 480, 486 (Colo.2013). "In determining the bounds of state authority vis-à-vis a home-rule municipality's, [Colorado] recognize[s] three broad categories of regulatory matters: (1) matters of local concern; (2) matters of statewide concern; and (3) matters of mixed state and local concern." *Id.* (citing *City & Cnty. of Denver v. State*, 788 P.2d 764, 767 (Colo.1990) (en banc)). "In matters of local concern, both the state and home-rule city may legislate." *Id.* (citing *City & Cnty. of Denver v. State*, 788 P.2d at 767). "If the home-rule city's regulation conflicts with the state statute, the home-rule enactment will control in matters of purely local concern." *Id.* (citing *City & Cnty. of Denver v. Qwest Corp.*, 18 P.3d 748, 754 (Colo.2001) (en banc)). "Conversely, in matters of statewide concern, the state legislature exercises plenary authority, and home-rule cities may regulate only if the constitution or statute authorizes such legislation." *Id.* (citing *Qwest*, 18 P.3d at 754). "For matters that involve mixed state and local concerns, a home-rule regulation may coexist with a state regulation only as long as there is no conflict." *Id.* (citing *City of Northglenn v. Ibarra*, 62 P.3d 151, 155 (Colo.2003) (en banc)). "However, in the event of a conflict, the state statute supersedes the conflicting local regulation to the extent of the conflict." *Id.* (citing *City & Cnty. of Denver v. State*, 788 P.2d at 767).

The district court determined that sex offender residency is a matter of mixed state and local concern, *Ryals*, 2013 WL 4478676, at *8–11, and that a conflict exists between Ordinance 34 and Colorado law, *id.* at *11–13. On appeal, the City of Englewood contends, first, that sex offender residency is a matter of local concern. In the alternative, the City of Englewood argues that sex offender residency is a matter of mixed state and local concern, and that no conflict exists between Ordi-

nance 34 and Colorado law. For his part, Ryals argues that sex offender "residency restrictions implicate a matter of statewide concern, or at least of mixed local and state concern," and that a conflict exists. Aplee. Br. at 61.

This particular issue has never been decided by a Colorado state court. The issue is an important one, and every step of its resolution is firmly within the province of Colorado law. We also note that the Third Circuit, when faced with a sex offender residency restriction in Pennsylvania, certified the question to the Supreme Court of Pennsylvania. *See Fross v. Cnty. of Allegheny*, 438 Fed.Appx. 99 (3d Cir.2011). As a result, we agree with the parties that certification is appropriate here. *See Allstate Ins. Co. v. Brown*, 920 F.2d 664, 667 (10th Cir.1990) ("Certification is particularly appropriate where the legal question at issue is novel and the applicable state law is unsettled.").

### III. Certification of the Question to the Colorado Supreme Court

In light of the lack of precedential decisions on point, and in furtherance of comity and federalism, we conclude the Colorado Supreme Court should have the opportunity to answer this important question in the first instance. We recognize the discretion of the Colorado Supreme Court to reformulate the question posed.

The Clerk of this court is directed to transmit a copy of this certification to counsel for all parties to the proceedings in this court. The Clerk shall also submit to the Clerk of the Colorado Supreme Court a copy of this certification order, together with copies of the briefs filed in this court, and either the original or a copy of the record as filed in this court by the Clerk of

the United States District Court for the District of Colorado. We greatly appreciate the consideration of this request.

This appeal is ordered ABATED pending resolution of the certified question.