ACCEPTED
04-16-00200-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
5/31/2016 7:57:41 AM
KEITH HOTTLE
CLERK

## NO. 04-16-00200-CV

V. Keith Dullye, Managing Member of **MAXON ENTERPRISES, LLC**
Appellant

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
05/31/2016 7:57:41 AM
KEITH E. HOTTLE
Clerk

v.

**GUME TRANSPORT & STORAGE, INC.**
Appellee

From the 111th Judicial District Court, Webb County, Texas
Trial Court No. 2014-CVF-001744 D2
Honorable Monica Z. Notzon, Judge Presiding

## APPELLANT'S RESPONSE TO COURT ORDER DATED MAY 16, 2016

**TO THE HONORABLE JUDGES OF SAID COURT,** V. Keith Dullye, in his capacity as Managing Member of Maxon Enterprises, LLC, hereby files Appellant's response to this Honorable Court's Order dated May 16, 2016, and would respectfully show the Court as follows:

1. The Trial Court's Final Judgment dated January 07, 2016, states on its face that it is, in fact, a "Final Judgment" and further states that "All relief not expressly granted therein in connection with all claims made in this lawsuit by any and all parties is DENIED". As such, the awarding of attorney's fees to Appellee as well as all other issues were deemed by the Trial Court to be final, and thus, appealable to this Court which has jurisdiction thereon.

2. The Trial Court's Order dated April 12, 2016, both vacated the award of attorney's fees to Appellee and granted a motion for new trial on this same issue. In addition, the Trial Court clearly denied the Appellant's motion for new trial on all other points raised in Appellant's motion, thereby rendering the Trial Court's ruling on all other issues to be deemed final, and thus, appealable to this Court which has jurisdiction thereon.

3. The awarding of attorney's fees under to Texas law has long been to the "prevailing party" of a civil dispute. In order to be a "prevailing party", a party must (1) prevail on a cause of action for which attorney's fees are recoverable (in this instant case, Tex. Civ. Prac. & Rem Code Section 38.001) and, (2) recover damages. _Green Int'l, Inc., v. Solis,_ 951 S.W. 2d 384, 390 (Tex. 1997). Further, In this case, Appellee cannot be deemed to be a "prevailing party" under Section 38.001 as Section 38.001 provides no statutory provision allowing for the awarding of attorney's fees against a limited liability company (an "LLC"), including the Appellant. Thus, the Trial Court vacating of the award of attorney's fees against Appellant was in accordance with the Opinion referenced below as the awarding of attorney's is prohibited by such Opinion. This Memorandum Opinion and Order was issued by the United States Federal District Court for the Northern District of Texas on March 06, 2015. _Hoffman v. L & M Arts, LLC,_ 774 F. Supp. 2D 826, 2011 WL 778592 and 2015 WL 1000838, at *8.

4. The vacating of the award of attorney's fees to Appellee by the Trial Court in this instant case has no bearing as to the finality of the other issues set forth in the Final Judgment and in the Order Denying Appellant's motion for new trial. The United States Supreme Court issued an Opinion on January 14, 2014, stating in summary: "In _Budinich_ v. _Becton Dickinson & Co._, 486 U. S. 196 (1988), this Court held that a decision on the merits is a "final decision" under §1291 even if the award or amount of attorney's fees for the litigation remains to be determined. The issue in this case is whether a different result obtains if the unresolved claim for attorney's fees is based on a contract rather than, or in addition to, a statute. The answer here, for purposes of §1291 and the Federal Rules of Civil Procedure, is that the result is not different. Whether the claim for attorney's fees is based on a statute, a contract, or both, the pendency of a ruling on an award for fees and costs does not prevent, as a general rule, the merits judgment from becoming final for purposes of appeal." Appellant could find no case law wherein the Texas Supreme Court has issued an opinion contrary to the above referenced Opinion issued by the United States Supreme Court. 571 U. S. No. 12-992 (2014), _RAY HALUCH GRAVEL COMPANY, ET AL., PETITIONERS v. CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICI-PATING EMPLOYERS ET AL._ ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT.

Based upon the above, Appellant respectfully asks that this Court allow this appeal to go forward and not be dismissed for want of jurisdiction.

Respectfully submitted,

THE MORSI LAW FIRM
Tamer F. Morsi, Esq.

Attorney for Appellant
State Bar # 24041530
5150 Broadway #411
San Antonio, Texas 78209
Telephone: (210) 370-7541
Facsimile (210) 693-1258
Email: TMorsi@MyLocaLawyer.com

## CERTIFICATE OF SERVICE

I certify that on May__, 2016, a true and correct copy of this Appellant's Response To Court Order Dated May 16, 2016, was delivered to Mr. Louis P. LaVaude, Attorney for Appellee, as follows: VIA EMAIL AT: loulavaude@cs.com

Louis P. LaVaude
Law Office of Louis P. LaVaude
1119 San Dario Avenue
Laredo, Texas 78040

**Tamer F. Morsi**